Nov. Term, 1856.

ANDERSON
v.
BUCHANAN.

---

## ANDERSON *v.* BUCHANAN and Others.

Trespass *quare clausum fregit.* Pleas setting up that the defendant purchased of the plaintiff's ancestor the land adjoining that on which the alleged trespass was committed; and that there was no so convenient way to said ground purchased as across the remaining land of the plaintiff, and hence the defendant crossed said land, as well he might, &c.—which was the trespass, &c. Demurrers sustained.

*Held,* that the pleas were bad because they set up a convenience, simply, and not a necessity, and that the demurrers were properly sustained.

*Held,* also, that a right of way may arise from necessity.

Where in an action of trespass the question is whether the *locus in quo* is a highway or not, the title to real estate is regarded as in issue so far as to carry full costs to the plaintiff, under the statute, on a recovery of any amount.

*Thursday, November 27.*

ERROR to the *Switzerland* Circuit Court.

PERKINS, J.—Trespass *quare clausum fregit.* Issues of fact were tried by a jury, and found for the plaintiffs, with one cent damages. The Court gave the plaintiffs full costs. One of these issues was made upon the question of a legally established highway.

Two pleas were demurred to, and the demurrers sustained. Those pleas set up that the defendant purchased of the ancestor of the plaintiffs a tract of ground adjoining that on which the alleged trespass was committed; that there was no so "convenient way" to said ground purchased as across the remaining land of the plaintiffs, and hence, the defendant crossed said land, as well he might, &c.—which was the trespass, &c.

The pleas meant to set up in defense, and rely upon, a right of way of necessity. Such a right may arise from necessity. "Thus, if a man sells land to another which is wholly surrounded by his own land, in this case the purchaser is entitled to a right of way over the other's ground to arrive at his own land." But necessity, not convenience, is the foundation of the right. 3 Kent, pp. 420, 424.

The pleas in this case demurred to were bad, because they set up a convenience simply, and not a necessity. The demurrers were rightly sustained.

The remaining question is that of costs.

Section 398, 2 R. S. p. 127, similar to the provision of 1843, enacts that, "In all actions for damages solely, not arising out of contract, if the plaintiff do not recover 5 dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question."

In this case the question fairly arose upon the trial under the issues of fact, whether a highway had not been theretofore legally established in the place where the alleged trespass was committed; and the inquiry now is, was that a question upon the title to real estate within the meaning of the statute? There are different titles to real estate recognized in legal parlance and proceedings, viz., fee-simple titles, legal, possessory, equitable titles. Actions of ejectment are to try legal possessory titles, and we say the title in such cases is in issue.

We think where the question of highway or not

Nov. Term,
1856.

arises, the title, that is, the right of possession, of user, may be fairly said to be in issue.

The judgment for the plaintiffs for full costs was right.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Sullivan*, for the plaintiff.

*J. G. Marshall*, for the defendants.