### STEWART *v.* HARTMAN ET AL.

CONSTITUTIONAL LAW.—*Private Way.*—The law for the establishment of private ways, for the benefit of one man over the lands of another, is unconstitutional.

PRIVATE WAY.—*Public Highway.*—If a way is petitioned for and damages assessed as for a private way, and the order of the board of commissioners

made for a private way, the way cannot be sustained on the ground that it is a public highway.

WAY OF NECESSITY.—A way of necessity derives its origin from a grant, and cannot legally exist where neither the party claiming the way, nor the owner of the land over which it is claimed, or any one under whom they or either of them claim, was ever seized of both tracts of land.

ESTOPPEL.—*Private Way.*—The receipt of damages assessed in proceedings before county commissioners for the opening of a private way will not estop the person receiving the same from resisting the opening of the way over his lands, where the money is accepted under a mistake as to the amount of work that will be done in opening the way by the person for whose benefit it is proposed to be opened.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell,* for appellant.

*W. A. Wood* and *R. M. Johnson,* for appellees.

DOWNEY, J.—This was an action by the appellant against the appellees for trespass on real property. It is alleged in the first paragraph of the complaint, that on the 1st day of September, 1872, and on divers other days and times between said date and the commencement of this suit, the defendants, with force and arms, wrongfully and unlawfully broke open, and with horses, wagons, and other vehicles, entered into and upon the plaintiff's close, situate in the county of Elkhart, etc., to wit, the north-east quarter of the north-west quarter of section thirty-four, in township thirty-six, north of range five east; and the defendants and their servants then and there broke down, opened, destroyed, and carried away the plaintiff's gates then and there on said premises being, and then and there, on the days and times aforesaid, with cattle, horses, hogs, and sheep, ate up, depastured, trod down, and destroyed the grass, wheat, and herbage of the plaintiff, then and there on said premises growing, and subverted the soil; and then and there, on the days and times aforesaid, by means of breaking and leaving open the said close, the said defendants have greatly encumbered the same and prevented this plaintiff from having and enjoying the same in so full and ample a manner as he otherwise might; by means of which said wrongful acts and doings of said

defendants the plaintiff is damaged in the sum of two hundred dollars; wherefore, etc.

In the second paragraph, it is stated that the plaintiff is seized of the lands described in the first paragraph, and they are described as in that paragraph; that he is seized and possessed thereof as tenant from year to year. It is then stated that Adam W. Hartman gave notice and filed a petition before the county commissioners, praying for a private way over said lands, procured appraisers of damages to be appointed, upon whose reports at the December term, 1870, the commissioners granted a private way to and for the use of said Adam W. Hartman, one rod in width, along and over said lands, on the condition that he should open and repair the same as required by law; that the defendants immediately after the granting of said private way as aforesaid, and without opening said private way by fencing or otherwise separating the same from the residue of said close, which was and is under cultivation for farming purposes, unlawfully and wrongfully broke down the fence around said close, and suffered and permitted his said close to remain open and exposed for a long time, to wit, one month; and that for the purpose of protecting his said close, and affording to the defendants good and convenient ingress and egress through and over the said private way until the defendants should open and fence said private way, the plaintiff caused to be erected at the *termini* of said proposed private way good and convenient swinging gates, provided with good and convenient means for opening and fastening the same; but plaintiff says that, notwithstanding the premises, the said defendants unlawfully and wrongfully, with teams and vehicles, broke into and left open the close of the plaintiff, and from the 1st day of August, 1872, continuously until the commencement of this suit, and at divers days and times before and since said date, the said defendants have unlawfully and wrongfully broken into and left open the said gates, and have, with cattle, horses, hogs, and sheep, subverted the soil, and trod down, ate up, depastured, and damaged the

pasturage, wheat, corn, oats, and other herbage then and there growing, etc., and have, on, etc., with teams, etc., broken into said close, and broken down and carried away the plaintiff's gates; by means whereof the plaintiff is and has been deprived of, etc., is compelled to keep watch, etc., over his close, which is now seeded in wheat, and has been compelled to drive out cattle, etc., which enter his said close, and to watch and shut the gates so left open, etc.; whereby he has lost one month's time, of the value of fifty dollars; and by reason of which acts he has been damaged two hundred dollars; that the defendants pass through said gates nearly every day, and sometimes several times each day; that he has his field in wheat, leaving a passage way of eighteen feet; that the defendants declare that they will not permit said gates to remain, and will not allow them to remain closed, and have threatened violence to the plaintiff and his servants for undertaking to keep said gates closed; and that said Adam W. Hartman has appeared and remained from time to time on said way, and with a gun, with the purpose and intention, as plaintiff is informed and charges, of preventing the plaintiff and his servants from protecting his close and keeping said gates shut; that unless the defendants are restrained from destroying the plaintiff's gates, and from leaving and continuing them open, etc., great and irreparable injuries will result to him pending the litigation in this behalf, for which he has no adequate remedy at law, etc. Prayer for a temporary restraining order, for a perpetual injunction on the final hearing, and for two hundred dollars in damages.

The complaint is verified by the oath of the plaintiff, and with the second paragraph there is filed a copy of the proceedings before the county commissioners for the laying out, etc., of the private way.

A temporary restraining order was granted, at chambers, to continue until the second day of the next term.

A demurrer to the second paragraph of the complaint, on the ground that the same did not state facts sufficient to

constitute a cause of action, was filed by the defendants and overruled by the court.

The defendants then answered, first, by a general denial, and, second, that the said Adam W. Hartman is the owner, and seized in fee of, to, and in, the east half of the south-west quarter of section thirty-four, in township thirty-six, north of range five east, in said county of Elkhart; that he purchased the same as a home for himself and family, and has made valuable improvements thereon, etc.; that defendant with his family, of which said Moses, one of the defendants, is a member, reside in the dwelling-house on said land; that the most suitable and eligible place for a dwelling and other houses and necessary buildings on said farm was and is near the north-east corner of said tract of land, near the center of the section; that there is no public highway running by, to, or near the said dwelling-house of the defendant Adam W. Hartman; that there is a public highway on and along the north and east sides of said section, but none on the south of nor through said section; that a large part of the said south-west quarter of said section is wet, swampy, and low land, taken up by what is known as Yellow Creek Lake, which is so situated, with the wet and swampy lands adjoining, as to render it almost an impossibility to make a road passable leading from the dwelling-house of the defendant Adam W. Hartman to the road, or public highway, running along the west side of said section; and that the obtaining of a road leading from the said dwelling-house to the public highway along the east side of said section is prevented by the situation and location of the buildings and appurtenances belonging to and owned by one Downer, who occupies the tract of land between the land of said Hartman and said highway; that being thus situated, and living and residing near the center of said section, and being refused a passage-way over the lands of adjoining owners to the public highway, and having no means of ingress or egress to and from his said residence, and hence, from and to said highway, except by trespassing upon the lands of his neighbors, as

will more fully appear by a map of said section filed and referred to, the defendant Adam W. Hartman did, on the 10th day of August, 1870, give notice, etc.   The paragraph then states the various steps taken to have the private way laid out and opened, and a copy of the record of that proceeding is made part of the paragraph.   It is averred in the paragraph that James Stewart, the present owner of the land,. in the plaintiff's complaint described, under whom plaintiff holds, asked to have his damages assessed on account of said way; that his damage was assessed at thirty dollars;. that Adam W. Hartman deposited that sum in the county treasury to his credit, and that he afterward received and receipted for the same.

It is further stated, that after the granting of the said way the said Adam W. Hartman proceeded to open and work said road, as described in the petition and required by law, and has ever since kept the same in repair; that the road as granted, for one hundred and twenty rods, ran through heavy timber land, and said Hartman was at great expense,. to wit, five hundred dollars, in the opening and working of said road; that he notified said James Stewart to fence said road where it runs over his said lands, etc.; that for a year said James Stewart and said plaintiff did permit said tract of land over which said road runs, to lie open to the commons, uncultivated and untilled, and neglected and still neglect to fence the same along said road; that by order of the board of commissioners of said county, a copy of which is filed, certain animals are allowed to run at large.   It is then alleged. that the plaintiff and said James Stewart, after the plaintiff had opened and worked said road as stated, and after the use of the same for more than a year by the defendants, by said James Stewart and the plaintiff, and by the public, and in the months of September and October, the plaintiff erected gates, etc., for the purpose of preventing these defendants and the public from using the said road; that the defendants notified the plaintiff and said James Stewart to remove the obstructions, so that the road might be used by them and,

the public; and the plaintiff and said James Stewart failing to do so, the defendants, for the purpose of using said road and keeping the same open to the use of the public, did enter upon said road, etc., and remove said obstructions, etc., and have since continued to keep said road open and in repair for the use of themselves and the public, as required by law. They allege that the road, though granted on the petition of Hartman, is of public utility and a public benefit, as well as for the private accommodation of said Hartman. They deny having entered upon the lands of the plaintiff, or in any way injured the same or his crops, etc., except in the exercise of the right so granted to them. The receipt of James Stewart for the thirty dollars damages assessed in his favor is dated January 16th, 1871.

The plaintiff replied, first, by a general denial of the second paragraph of the answer, and, second, that before the expiration of thirty days from the date of the granting of said private road, and before this plaintiff or his lessor had accepted and received the damages assessed, the defendants' attorney, John W. Irwin, in the presence of the defendants, informed this plaintiff and his lessor, that it was incumbent on the defendants by the law regulating proceedings in that behalf, to fence the said road on both sides, parallel with said private road, and then and there informed this plaintiff and his lessor that the defendants would fence the said road; and that the said attorney at the time advised and instructed the appraisers that they should not include in their appraisement of damages anything for fencing the said private way; and that being so instructed, the said appraisers did not include anything in their appraisement for fencing the said private road; and he says that being so instructed by the defendant's attorney, and the defendants promising and agreeing that if the plaintiff and his lessor would take the damages so assessed, and not appeal therefrom, they would fence said road, this plaintiff did accept the damages so assessed; that had it not been for the information and agreement afore-

said, upon which the plaintiff relied, he would not have accepted the said damages, or consented to the said order, but would have appealed therefrom within the time allowed by law, all of which was well known to the defendants.

The defendants demurred to the second paragraph of the reply, on the ground that the same did not state facts sufficient to constitute a reply. This demurrer was overruled by the court. Thereupon the cause was submitted to the court for trial of the issues upon an agreed statement of facts, as follows :

" 1. It is agreed that the plaintiff is and has for five years last past been in possession of the lands and tenements in the complaint described, as tenant from year to year, and that the gates mentioned in the complaint were put there at his own expense, and that if any cause of action exists in reference to the subject-matter complained of in his complaint, it exists in favor of the plaintiff.

" 2. It is agreed that the defendant Adam W. Hartman took the steps prescribed by the statute for the procuring of a private road, and that he has acquired all the rights in, to, and over the land in question, which accrued to an individual for whose benefit a private road is located, under the statute in force in the State of Indiana in the month of December, 1870 ; and it is further agreed, that the rights of the plaintiff are subject to any and all rights which the said Hartman or the public have, by force of the statute or other law in force at the time in the State of Indiana, acquired in, to, and over said lands, on account of the location of said private road as aforesaid ; and the copy of the proceedings before the board, as contained in the answer, is made part of this agreement. It is agreed that after the order establishing said road, and after paying into the county treasury the damages assessed, said Hartman proceeded to open and did open said road at his own expense over plaintiff's said lands, making the same through forest and woodland for the distance of one hundred and forty rods ; the balance of the way, twenty rods, being through plaintiff's field, and over

this the road was opened by making gaps in the plaintiff's fence on either side, thereby opening said field to the public commons; and in this condition defendant kept open and used said road for eighteen months, and until about the 1st day of September, 1872, when plaintiff, being desirous of using and tilling said field, erected the gates hereinafter named.

" 3. It is agreed, that upon the petition of this plaintiff's landlord, appraisers were appointed to appraise the damages which should be sustained on account of the granting of said private way; and it is further agreed, that by the direction of John W. Irwin, who was at the time the attorney for said defendant Hartman, in the matter of procuring said private road, the appraisers appointed to appraise the damages of this plaintiff's landlord were instructed that the law required the said Hartman to maintain a fence parallel with said private road, on both sides thereof, and that by reason of such instructions the appraisers excluded from their appraisement anything for fencing said road. It is agreed that this plaintiff's landlord accepted the damages as appraised, he being informed by the attorney aforesaid, and believing that under the law it was incumbent on the said Hartman to fence the said road as aforesaid. The instructions and opinion so given by said Irwin to said appraisers and to plaintiff's lessor were given without the knowledge or consent of the said Hartman; but said Hartman was advised by said Irwin that under the law it was incumbent on him to fence said road. This information and advice of said Irwin, so given to the various parties, can have no binding force on said Hartman, except such as the law gives them on account of their coming from his attorney. It is further understood that the facts set forth in this clause are not to be considered, unless the same are competent and legal testimony under the issues made in the case, and in connection with the other facts herein agreed upon.

" 4. It is agreed that the said defendant Hartman did not fence said road, and that he now, and ever since the opening of said road, denies his liability to fence the said road.

" 5. That it is agreed that this plaintiff tilled the field through which the said road passes, and that he made swinging gates of ordinary convenience at the *termini* of said road, in order to protect his close.

" 6. It is agreed that the defendants took down and removed said gates, and that the said Hartman now declines and refuses to allow or permit the same to be maintained on the ground; that the plaintiff has no legal right to maintain gates of any kind at the *termini* of said road, or at any point along and across said road.

" 7. It is agreed, that by reason of the taking down, leaving open, and carrying away of the said gates by the defendant, the plaintiff has suffered damages in the sum of twenty dollars, if upon the case made he is entitled to damages in any sum.

" 8. It is agreed that if, upon the foregoing statement of facts, the law is with the plaintiff, he shall recover of and from the defendants twenty dollars, besides his costs, and that the defendants, and each of them, be perpetually enjoined from removing, destroying, or otherwise unreasonably leaving open the said gates until they shall properly fence said road.

" 9. It is agreed that if the law is with the defendants, upon the foregoing facts, they recover their costs, and that the plaintiff be enjoined to remove the said gates, and from erecting or maintaining any gates across said road, or in any other manner obstructing the same."

The agreement is duly signed.

On this statement of facts, the court found for the defendants. The plaintiff moved for a new trial, on the ground that the finding was not sustained by sufficient evidence, and was contrary to law. This motion was overruled. The plaintiff then successively moved for a judgment in his favor *non obstante veredicto,* and in arrest of judgment, which motions were both overruled.

The evidence, consisting of the said agreement of facts, is put in the record by a bill of exceptions.

The appellant has assigned as errors: 1. Overruling the motion for a new trial. 2. Overruling his motion for judgment *non obstante*. 3. Overruling his motion in arrest of judgment.

The appellees have assigned as cross errors: 1. The overruling of their demurrer to the second paragraph of the complaint; and, 2. Overruling their demurrer to the second paragraph of the reply.

On each side there is an able and well prepared written brief.

It has already been decided by this court, that the law for the establishment of private ways for the benefit of one man over the lands of another is unconstitutional. *Wild* v. *Deig*, 43 Ind. 455. This decision was not made at the time this case was decided in the circuit court. We need not further examine this question.

The road in question in this case was a private way, and not a public highway. In the application for it, the petitioner asked for "a private way;" for such a way the damages were assessed, and for such a way the order of the board of commissioners was made. It cannot, therefore, be sustained on the ground that it is a public highway. It is a mere *cul de sac*. It cannot be a highway, for another reason; it was only one rod wide, while, by statute, no county road can be less than thirty feet wide, and no township road less than twenty-five feet wide. 1 G. & H. 365, sec. 39.

We do not think the facts justify the conclusion that the way was a way of necessity in this case. Mr. Washburn says: "A way of necessity can only be raised out of land granted or reserved by the grantor, but not out of the land of a stranger. For if one owns land to which he has no access except over lands of a stranger, he has not thereby any right to go across these for the purpose of reaching his own." 2 Washb. Real Prop. 282, 3d ed.

Kent says: "Sergeant Williams is of opinion, that the right of way, when claimed by necessity, is founded entirely

upon grant, and derives its force and origin from it. It is either created by express words, or it is created by operation of law, as incident to the grant; so that, in both cases, the grant is the foundation of the title. If this be a sound construction of the rule, then it follows, that, in the cases I have mentioned, the right of the grantor to a way over the land he has sold, to his remaining land, must be founded upon an implied restriction, incident to the grant, and that it cannot be supposed the grantor meant to deprive himself of all use of his remaining land. This would be placing the right upon a reasonable foundation, and one consistent with the general principles of law." 3 Kent Com. 423, original paging.

Blackstone says: "A right of way may also arise by act and operation of law: for, if a man grants me a piece of ground in the middle of his field, he at the same time tacitly and impliedly gives me a way to come to it; and I may cross his land for that purpose without trespass." 2 Bl. Com. 36, star paging. In the same place, Mr. Chitty, in his notes, says: "A way of necessity, when the nature of it is considered, will be found to be nothing else but a way by grant. It derives its origin from a grant, for there seems to be no difference where a thing is granted by express words, and where by operation of law it passes as incident to the grant; and of course it is as necessary to set forth the title to a way of necessity as it is to a way by express grant."

There cannot legally exist a general way of necessity without reference to the manner whereby the land over which the way is claimed became charged with the burden. In the case under consideration, it is not shown, that either of the parties, or any one under whom they or either of them claims, was ever seized of both tracts of land; and consequently the claim set up by the appellant to a way of necessity can have no valid foundation.

What is the effect of the receipt by James Stewart, the lessor of the plaintiff, of the thirty dollars assessed in his

favor for damages resulting to him from the opening of the private way ? We think it cannot, under the circumstances disclosed, operate as an estoppel. It is clear that the damages assessed in his favor were not as much as they should have been by the cost of fencing the way, in consequence of the representations of the attorney of Hartman. Had Hartman done as his attorney represented that he would be bound to do and would do, this controversy would probably never have arisen. We are unwilling to apply the doctrine of estoppel in favor of Hartman, to give him a right which, according to the evidence, he ought not to have on the terms upon which he claims it. Estoppels are applied to prevent fraud, and not to give a party an unfair advantage of his adversary. *Fletcher* v. *Holmes,* 25 Ind. 458.

We have thus, we think, disposed of all the questions presented by the assignment of errors and cross errors.

We need not decide the question whether or not a party obtaining a private way, under the statute, is required to fence the way as a part of the expense of opening it and keeping it in repair, since the statute is held to be invalid.

The judgment is reversed, with costs, and the cause remanded, with instructions to render judgment for the plaintiff, according to the agreement in the record.