No. 8692.

STEEL v. GRIGSBY ET AL.

EASEMENT.—*Prescription.—Way of Necessity.—Complaint.—Evidence.*—Where a complaint to have a right of way declared a permanent easement shows that for more than thirty years plaintiff, and those under whom he claims, have used it under claim of right, having no other way from his land to the highway; that the defendant has denied his right and fenced up the way ; and that without the way his land would be of but little value and he would be subjected to great hardships and be deprived of the use of his land as a home, evidence of a way of necessity is admissible.

SPECIAL FINDING.—*General Finding.—Practice.*—Where the record does not show that either party requested the court to make a special finding, the finding will be held to be a general finding only.

From the Posey Circuit Court.

*E. M. Spencer* and *W. P. Edson,* for appellant.

*A. P. Hovey* and *G. V. Menzies,* for appellees.

FRANKLIN, C.—This is an action by the appellees against the appellant to have a right of way declared a permanent easement. For some years prior to 1868, one James T. Overton owned a certain eighty acres of land, composed of the southwest quarter of the northeast quarter, and the northwest quarter of the southeast quarter, of a certain section. That the New Harmony and Princeton public highway ran east and west on the north line of said land. That ever since about the year 1850, there was a road or passway, though not ·worked and improved as a public highway, running north

and south near to and a part of the way on the east line thereof, from said New Harmony road to a little town some distance south of said land, called Stewartsville; there had also for a similar length of time been a road or passway in an east direction from this north and south road, opposite the southern half of said eighty acres of land.   Mr. Overton built his residence near the center of the southern half of said land. In the year 1868, he deeded said southern half of said land to his daughters, Rachel and her sister, the sister afterwards deeded her interest to Rachel, who is co-appellee herein with her husband (James H. Grigsby).   That he continued to own the north half of said land, and live in the house upon the land deeded to his daughters until the time of his death.   That he had changed the location of parts of this north and south road on said north half of said land two or three times, first in 1857, and last shortly after he had deeded the south half to his daughters; each time straightening the road as he improved the land, by placing parts of it nearer the eastern line.

Mr. Overton died in 1870, and appellant became the owner of the north half of said land by purchase from his administrator and the widow.   No question is raised as to the titles to the lands.

. Some four or five years after Overton's death, the eastern road and the southern end of said north and south road from the southern half of said land were both closed up and fenced across, leaving the only road as an outlet to said southern half of said land, the north part of said north and south road.

After the death of said Overton, said appellant was appointed guardian of said Rachel, and he continued to act as such.   Rachel married in 1878, and, shortly after her marriage, appellant fenced up and enclosed so much of said north and south road as was on his land.   Hence this suit.   A demurrer was filed to the complaint, overruled, exception reserved, and an issue formed by a denial; trial by court, finding for appellees, motion for a new trial overruled, with an exception, and judgment for appellees.

The error assigned in this court is the overruling of the motion for a new trial.

Appellant's counsel contend, that, while the complaint shows a right of way by prescription, it does not state facts sufficient to establish a right of way by necessity, and that the testimony tending to show a right of way by necessity was improperly admitted; and, as the court specially found that appellees had a right of way by necessity, the judgment below ought to be reversed.

Appellees' counsel have not favored us with a brief giving us their views and authorities; therefore, we know not what they might contend for.

So far as the special finding of the court is concerned, the record does not show that either party requested the court to make a special finding. It will therefore be disregarded, and the finding only held to be a general finding for the appellees. See section 341, 2 R. S. 1876, p. 174.

The complaint substantially states, in relation to the right of way, "that for more than thirty-five years," etc., "the said Rachel and those under whom she claims title, have continuously and uninterruptedly passed to and from her land and residence," etc.," over and upon said road and easement over the land of the defendant, under claim of right to, and as the owners of said right of way." "That during all of said time said Rachel and those under whom she claims title have had no other road or passway, or means of getting to and from the said land and residence to said public highway." Concluding by alleging that appellant had denied her the right to pass over the road, and had so fenced it as to prevent its use; and that without said easement, road or passway, her land would be of but little value, and that she would be subjected to great hardships and be deprived of the use of her land as a home.

This complaint is not based alone upon a prescriptive right by user for twenty years. Its general allegations are comprehensive enough to include the right of way derived by any of the well recognized means—by grant, prescription or neces-

sity. If defendant desired the allegations to be made more specific, he ought to have made a motion to that effect. This complaint, though less specific, substantially agrees with the several paragraphs of the complaint in the case of *Sanxay* v. *Hunger*, 42 Ind. 44; which was held by this court to be sufficient for a right of way by necessity. See the case of *Stewart* v. *Hartman*, 46 Ind. 331.

In the case of *Anderson* v. *Buchanan*, 8 Ind. 132, we find an endorsement of the following quotation from 3 Kent, p. 420, 424: "Thus, if a man sells land to another which is wholly surrounded by his own land, in this case the purchaser is entitled to a right of way over the other's ground to arrive at his own land."

In 2 Bouvier's Institutes, p. 190, the learned author says: "Whenever land is completely inclosed by the lands of others, so that no access can be had to the public highway, a way of necessity may be claimed," citing the following authorities: *McDonald* v. *Lindall*, 3 Rawle, 495; *Allen* v. *Kincaid*, 2 Fairf. 156; *Lawton* v. *Rivers*, 2 McCord, 448; *Turnbull* v. *Rivers*, 3 McCord, 139; *Russell* v. *Jackson*, 2 Pick. 576; *Jetter* v. *Mann*, 2 Hill, S. C. 641.

The following questions to witness were objected to by appellant:

"State what, if any, road or way there is now, or ever was from the plaintiff's, Rachel's, land to any public road, except the right of way or easement over the defendant's, Steel's, land to the New Harmony road?

"What, if any, public road or right of way ever existed from Rachel Grigsby's land, except the way or easement over the defendant's land, to the New Harmony road?"

Under the comprehensive allegations of this complaint, as before stated, we think these questions and the answers thereto were proper. Because the allegations of a complaint are general, that is no reason why testimony applicable to them should be rejected. There was evidence tending to show that Mr. Overton, while he was building the fence on the east side of the

north half of said eighty acres, and straightening the road so as to place parts of it nearer the east line, declared his intention to keep a road there from the house to the New Harmony road.

We think the evidence tended clearly to support the finding of the court; and there was no error in overruling the motion for a new trial. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is in all things, affirmed, at appellant's costs.