Miller *v.* Richards *et al.*

* * *

No. 17,015.

Miller *v.* Richards et al.

WAY BY NECESSITY.—*Action to Recover.—Essential Elements.—Damages.*—While injury is probably an essential element in a proceeding to establish or recover a way by necessity, yet the recovery of damages is not an indispensable accompaniment.

SPECIAL FINDING.—*How Considered with Reference to Time.*—Special verdicts should be read and considered with reference to the issue as tendered by the complaint and answers, and as addressed to the time when such issue was tendered, and not with reference to subsequent conditions, unless such conditions affirmatively appear to have changed the status of the parties or the facts constituting the issue.

STATUTE OF LIMITATIONS.—*Possessory Action.— Private Way.— Easement.—Six-Year Statute.*—In an action to recover the possession of an easement, a private way, the possession of which has been disturbed, the six-year statute does not apply. Section 293, R. S. 1894.

From the Adams Circuit Court.

*S. Peterson* and *C. J. Lutz,* for appellant.

*R. K. Erwin* and *J. F. Mann,* for appellees.

HACKNEY, C. J.—The appellant sued the appellees, Richards and Hirschey, to secure the removal of obstructions from a private way, alleged to have been placed upon said way by the appellees. The appellant expressly waives the consideration of his second paragraph of complaint, and asserts his claims for recovery under his first

and third paragraphs of complaint. The first paragraph set up a way by necessity, and the third a way by dedication. The issue was made by a general denial, and the trial was by a jury, resulting in a special verdict upon which the court denied judgment to the appellant and sustained the appellees' motion for judgment in their favor. This action of the trial court presents the only questions for review.

The special verdict finds that in the year 1869 one John Richards owned an eighty acre tract of land in Adams county which was bounded on the south by a public highway. In that year he conveyed the north half of said tract, which was remote from any highway and had no route for ingress or egress; that said grantor, while continuing to own the south half of said eighty, so set his fence as to leave a strip of ground on the west side thereof "for the sole purpose of a way to and from" the north half of said eighty, and permitted said way to be used by his grantees. That way, with some deviations, was used by said grantees and their remote grantees, including the appellant, for a considerable time, though not definitely found. The appellees and their immediate and remote grantors purchased and occupied with knowledge of the use of said way by the appellant and his grantors, and the use of said way was not denied to the appellant until the appellee, George Richards, became the owner of the forty acre tract lying immediately west of the south half of said eighty, and the appellee Hirschey became the owner of said south half, when said appellees so adjusted their fences as to obstruct and defeat the use of said way. It is found, also, that the south sixty acres of said eighty acre tract were conveyed by said John Richards to said George Richards, and that the title of the appellant to the north twenty acres of said sixty, and the title of the appellee Hirschey to the south

forty acres of said sixty acres, were derived remotely through said George Richards.

It is found, also, that the appellant is damaged by the obstruction of said way, but such damage is stated as "—— dollars." Much of the finding is devoted to the questions of dedication and adverse user of the way, but these questions we regard as not essential to our conclusions.

If the facts stated sustain a right of way by necessity, the judgment of the circuit court should have been for the appellant.

Boone, in his Law of Real Property, section 143, tersely defines a right of way by necessity as arising "where the owner of several parcels of land conveys one parcel which is surrounded by others, having no way of ingress and egress but through one of those reserved. The way is so far appurtenant to the land as to pass with it to the grantee." See also *Stewart* v. *Hartman,* 46 Ind. 331; *Ellis* v. *Bassett,* 128 Ind. 118; *Robinson* v. *Thrailkill,* 110 Ind. 117.

The objections urged by the appellees to the finding do not question the scope of this definition, but it is insisted, *first,* that the failure to find specifically the amount of damage sustained by the appellant was fatal; *second,* that the finding that the appellant "is now" the owner of the tract remote from the highway is not equivalent to a finding that he owned at the commencement of the suit; *third,* that the finding does not take the case out of the six years' limitation of actions "for the use" of real property; *fourth,* that the finding shows simultaneous conveyances of the north twenty acres and the south sixty acres by John Richards, and, therefore, shows no estate reserved to which the easement could attach. The sufficiency of the complaint is also attacked, but no cross error is assigned.

As to the first proposition we may say that while injury is probably an essential element in a proceeding to establish or recover a way by necessity, yet the recovery of damages is not an indispensable accompaniment.

The jury found that no other way existed for the use of the appellant, and that fact was sufficient to establish the necessity, without reference to the extent of damage, if any, sustained.

As to the second proposition, such facts appear from the verdict, in addition to the facts already stated, that if it were necessary to a recovery that appellant should have shown affirmatively an ownership by him at the bringing of his suit, we should find that the conclusion of such ownership was a necessary deduction from such additional facts, namely, prior purchase, improvement, continued use, injury by the obstruction, and that he still owned to the time of the verdict. However, we do not hold that such fact must have been affirmatively found. Special verdicts should be read and considered with reference to the issue as tendered by the complaint and answers, and as addressed to the time when such issue was tendered, and not with reference to subsequent conditions, unless such conditions affirmatively appear to have changed the status of the parties or the facts constituting the issue.

As to the third proposition of the appellees it is manifest that they misapply the statute of limitations, section 292, R. S. 1881; section 293, R. S. 1894. An action for the "use, rents, and profits of real property" is limited to six years, but the present action was for neither use, rents, or profits. The right asserted by the appellant was the ownership of an interest in land, an easement, in the possession of which he had been disturbed. The action was essentially of a possessory character.

The fourth of appellees' propositions is made upon

too narrow a view of the record. The verdict finds that while the south sixty acres of the eighty were conveyed to the appellee George Richards on the same day that the north twenty acres were conveyed to Ellen Richards, the tract was conveyed and held in trust for said John Richards, and was thereafter held and occupied by said John, and subsequent conveyances thereof were made to his use and benefit. However, if this were not true, the easement in a way by necessity—from the north twenty of the sixty so conveyed to and held by the appellee George Richards, and thereafter conveyed through mesne conveyances to the appellant—would be as important and as readily enforceable as if it had originated from the conveyance of said John Richards. In either view of the findings, there is no merit in appellee's fourth proposition.

Disregarding the element of dedication, presented by the third paragraph of complaint, we are unable to agree with the position that the special verdict does not sustain a right of recovery, in the appellant, of a right of way by necessity, and, in our opinion, the lower court erred in sustaining the motion of the appellees for judgment on the verdict.

The judgment of the circuit court is reversed, with instructions to sustain the appellant's motion for judgment on the verdict.

Filed Nov. 20, 1894.