Graham v. Olson.

---

GRAHAM, Respondent, v. OLSON et al., Appellants.

St. Louis Court of Appeals, January 30, 1906.

1. **EASEMENTS: Way of Necessity: Partition.** Where real estate is partitioned among several cotenants in such a way that the portions allotted to some of them have no outside communication, a grant to the owners of the inaccessible portions of a right of way, as a way of necessity, over the other portions will be implied.

2. ———: ———: **Consideration: Partition.** Where four owners of an eighty-acre tract of land partitioned the land among themselves so that two parts were inaccessible to the public highway, but under an agreement, and as a part of the consideration of the partition, that a road should be granted by the other two, from the inaccessible portions to the highway, a grant of such road will be implied, both because it was a way of necessity and because a valuable consideration was passed for the same; and the easement thus granted passed with the title.

3. ———: **Prescription.** Where the road was used in such case for ten years, though with the permission of the owners of the land over which it passed, it was not a mere license revocable at the will of the licensor, but a prescriptive right to its use was established in the users.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

REVERSED.

*A. R. Smith* for appellants.

The court committed error in finding for the plaintiff as there was not a particle of evidence upon which to base such a finding, and the judgment should be reversed. House v. Montgomery, 19 Mo. App. 170; School District v. Lindsay, 47 Mo. App. 134; Vaughn v. Rupple, 69 Mo. App. 583, 586; Hurt v. Adams, 86 Mo. App. 73; Nelson v. Nelson, 41 Mo. App. 133; Boyce v. Railway, 168 Mo. 583.

*J. J. Henderson* for respondent.

The defendant, Olson, conveyed, for a valuable consideration, the one acre mentioned, including the part he claims for a road, and should be estopped from setting up any right whatever to the said right of way. Dickason v. Anderson, 9 Mo. 156; Clamorgan v. Green, 32 Mo. 285; Wolf v. Sav. Fund and Loan Ass'n, 67 Mo. App. 678. Lajoye v. Primm, 3 Mo. 529; Durette v. Briggs, 47 Mo. 356; Lambert v. Estes, 99 Mo. 604. An easement is an interest in land and can only be acquired by grant, or by long users, to constitute such a user or enjoyment, the use must not only have been for the requisite time, to-wit: Ten years—but adverse, open, notorious, peaceful, continuous and under a claim of right adverse to the owner of the legal title. Vaughn v. Rupple, 69 Mo. 586. If there was such a road as claimed by defendants, and they had a right to use it, the same being mere parol permission, as they admit, it was only a license, and as such plaintiff had the right to revoke it at any time, without notice. Pitzman v. Boyce, 111 Mo. 380; Dunham v. Joyce, 129 Mo. 5; Nelson v. Olson, 41 Mo. App. 130. An adverse right of easement can never grow out of a mere permissive of a license.

STATEMENT.—In the year 1889, Andrew Olson, Nathaniel Gilbert, Jarvis Gilbert and Dora Keith being

four heirs-at-law of Braxton Gilbert, deceased, partitioned by agreement eighty acres of his estate which lay immediately north of and abutting the public road known as the Centerville road in Marion county. The eighty acres in question were divided into four parts of twenty acres each, by drawing a line through the center of the eighty acres from east to west and from north to south. The twenty acres of Andrew Olson and those of Jarvis Gilbert each under the partition, fronted upon said public road; the twenty acres of Nathaniel Gilbert and Dora Keith, which were in the rear of those fronting upon the road, had no communication by roadway with the outside world. It was understood and agreed among the parties that the two tracts fronting on the road were of greater value than those in the rear because of the superior advantages of the foremost tracts by reason of the public road and Dora Keith and Nathaniel Gilbert agreed to the partition and accepted the lands lying off of the road upon the understanding and agreement with the other heirs that they should have a roadway sixteen feet in width to-wit, eight feet off of the east side of Jarvis Gilbert's tract, and eight feet off of the west side of Andrew Olson's tract, running from the southeast and southwest corners of said rear tracts along the dividing land line of the foremost tracts and connecting with said Centerville public road. This agreement was in parol. No part of it was reduced to writing, but was well understood and faithfully kept by all of the parties. In consummation of said partition agreement, deeds were executed among the several parties conveying the land as agreed, but no deed or other writing of any kind was executed conveying the road in question to Nathaniel Gilbert and Dora Keith. Both Jarvis Gilbert and Andrew Olson erected their fences eight feet back from said land line, leaving said sixteen foot roadway in accordance with the agreement and there maintained the same. The two heirs, Dora eith and Nathaniel Gilbert proprietors for whose benefit. the

roadway was fenced out, immediately took possession of the same as a roadway and continued to use and claim the same ever after. All of the parties treated the roadway as belonging to the last named and the two had thus set their fences back in accordance with their agreement, testified as follows concerning the matter. Andrew Olson said: "We all made an agreement that Jarvis and I should give eight feet apiece so that the people who lived down below could come out and we gave it. It was never sold. These eight feet on each side of the line were given to make a roadway because we considered that the land on the road was worth more. I have a fence on my side of the roadway. This fence is eight feet from the center of the line. There is eight feet on the outside of my fence that I gave for the road." Jarvis Gilbert said: "We agreed that if they would take the two back twenties that they should have a road sixteen feet wide through mine and. Olson's tracts. This road we agreed between all of us should be taken eight feet off the east line of my tract and eight feet off the west line of Olson's tract, running through the whole length of our land. We had the land surveyed and the surveyor set the corners of the land and also the corners of the sixteen foot road, and set stakes to mark where the corners were, both on mine and Olson's land. Olson afterwards fenced his tract of land and the fence was placed so as to leave out of his land the eight feet I have mentioned. I sold my twenty acres to Albert Lefever and when he bought he fully understood about this road, and he bought with the understanding that the parties north of us had the right to this eight feet off my line. This agreement was kept up by me and Albert Lefever since 1889." Afterwards, in 1890, Andrew Olson conveyed to Stephen Gilbert by warranty deed, one square acre in the southwest corner of his tract, adjacent to the line along said roadway. No mention of reservation is made in said deed regarding the road, but concerning this tract, the uncontroverted testimony of Olson, the

grantor, is: "When I sold the one acre to Steve Gilbert we had made up the road and we agreed that he should take his one acre back from the road because he knew I had given it away and he did not claim it. I had given the eight feet and I could not sell it, and I never sold it. The roadway is still in use." On cross-examination he said: "I had given the eight feet away and I could not sell it and he agreed to it. *He took his acre from the road; we measured from there.* I did not sell him abutting right up to the twenty acres he had."

Albert Lefever afterwards acquired this one-acre tract by a competent conveyance and also the twenty acres owned by Jarvis Gilbert with the full understanding of all the facts connected with said roadway and conducted himself in full accord with such understanding, making no claim adverse to the parties who claimed the road. On November 1, 1901, plaintiff Graham, succeeded by a general warranty deed from Albert Lefever to the rights of Lefever in the twenty-acre tract formerly owned by Jarvis Gilbert, and the one acre tract. In September, 1903, plaintiff, claiming to own same by virtue of said conveyance, enclosed that portion of the roadway passing over the land line between the one acre and the twenty acre tracts owned by him. Defendants, under their claim to the roadway, removed the fence so erected across said road by the plaintiff, whereupon this suit was instituted before a justice of the peace in trespass for damages for the wrongful tearing down of said fence. It found its way into the Court of Common Pleas, where, upon a trial before the judge without a jury, the court found the issues for the plaintiff and assessed his damages at five dollars, doubled the same and allowed him five dollars statutory penalty under the provisions of sec. 4573, R. S. 1899. The case comes here by appeal.

NORTONI, J. (after stating the facts.)—1. In giving judgment for the respondent, the learned trial

judge no doubt proceeded upon the theory that the appellants' right to the roadway was a mere parol license only and therefore revokable at the will of the licensor; (Pitzman v. Boyce, 111 Mo. 387, 19 S. W. 1104) that the action of respondent in inclosing the road after notice to appellants that he intended so to do, was a revocation of the license and that therefore the appellants were trespassers in the act of removing the fence. We cannot concur in this view of the case. The uncontradicted showing in the record before us is to the effect that the road in question found its origin in necessity. It was, in the first instance and continued to be, a way of necessity. When the eighty acres formerly owned by the ancestor were partitioned, as no road touched the rear tracts, by agreement this way was established. Under such circumstances, the law would give the parties succeeding to the lands without outside communication, such road as a way of necessity, even though it were not expressly granted in the deed, and this would proceed upon the theory of an implied grant. The general rule on the subject is stated by Mr. Bishop in his treatise on Non-Contract Law, sec. 872, as follows: "If one conveys to another, out of a parcel of land, a part lying neither on the highway nor on the grantee's other land, it will be useless to the new owner unless he can have access to it; hence, by presumption of law, the deed carries with it to the grantee a right of way over the unconveyed part." In Ballard Real Estate Statutes, sec. 371, it is thus defined: "Most common of ways implied are ways from necessity, as where one sells another land so surrounded by other land as to be inaccessible except by passing over such grantor's land, the law implies a grant of way over such land." To the same effect we cite Washburn on Easements (4 Ed.), 258; Goddard on Easements, 269; Anderson v. Buchanan, 8 Ind. 132; Stewart v. Hartman, 46 Ind. 331; Steel v. Grigsby, 79 Ind. 184; Logan v. Stogsdale, 123 Ind. 372. "A way of necessity can only be raised out of land granted or re-

served by the grantor, but not out of the land of a stranger. For if one owns land to which he has no access, except over the lands of a stranger, he has not thereby any right to go across these for the purpose of reaching his own." [2 Washburn on Real Property (3 Ed.), 282; Stewart v. Hartmen, 46 Ind. 341.]

This well-known principle of law, because of its inherent justness, has special application in estates by partition and the way of necessity is implied in a partition between cotenants when the circumstances are such that the way of necessity would be implied in ordinary conveyances. The principle recognized is that the way of necessity lies in grant and that the deed of the grantor under the circumstances mentioned, creates a way when it is a way of necessity as much as it does when it is created by express grant. [Jones on Easements, 309; Ellis v. Bassett, 128 Ind. 118; Palmer v. Palmer, 150 N. Y. 139; Blum v. Weston, 102 Calif. 362.] Upon principle, the same rule obtains in proceedings for partition under the statute, inasmuch as there is no difference in effect between an allotment by order of the court in such proceedings and an allotment by deed from all of the other tenants in common. [Blum v. Weston, 102 Calif. 362.] It is said, however, that the right of way of necessity over lands of the grantor in favor of the grantee and those subsequently claiming under him, is not a perpetual right of way but continues only so long as the necessity exists. [Palmer v. Palmer, 150 N. Y. 139; New York Life Ins. & Trust Co., v. Milnor, 1 Barb. 353.] Be this as it may, there is a separate valuable consideration, as well as the consideration of necessity, from which, in this case, the implied grant arises and which entered into the creation of this way. In the case at bar, the parties recognized the necessities and took them into account along with other matters in the partition. The uncontradicted evidence is that the tracts fronting on the highway were regarded as more valuable and that the rear tracts were of less

value because of their being no road thereto and for this, a valuable consideration in addition to the necessities of the case and the consideration for the deed out of which the implied grant arose, a way was provided by agreement, surveyed, staked out and fenced as a right appurtenant to the land thus to be benefited. And although the right-of-way was not expressly granted by the deeds, it was an implied grant which rested then and now upon two sufficient principles to validate it in law as an effectual right or easement appurtenant to the lands which arose from: first, the necessities of the case; second, a separate valuable consideration passing between the parties which entered into the partition at the time. It is not essential in this case to proceed upon the theory of a prescriptive right arising by virtue of a lost grant, as is usually contemplated under the old law of prescription. [Powers v. Dean, 112 Mo. App. 288, 86 S. W. 1100.] For here we have a way of necessity and the implied grant in furtherance thereof, and aside form this, an uncontrovertible grant in parol for a valuable consideration expressed by the manifest intention of the parties themselves in the laying out and fencing of the road by the grantors and the entering into possession thereof by the grantees. The easement thus created attached to those parcels of the land for which it was created as an appurtenance and passed with each successive transfer of title to the successive owner. [Blum v. Weston, 102 Calif. 362; Taylor v. Warnaky, 55 Calif. 350.] Mr. Jones in his work on Easements, sec. 260, says: "A right of way by prescription may be established in either of two ways: first, by use with knowledge on the part of the owner, whose land is used that the person using his land claims the right to use it; second, by a use so open and notorious that knowledge of a claim of right will be presumed." We have here a constant user of this way by the parties under the claim of right to use the same during all the years from 1889. Indeed, it is true that the use was

permissive in one sense, that is, it was permissive in the sense that the parties owning the adjacent lands did not object to it any more than they would had they actually made a deed conveying the road, for as appears from their testimony, they did not claim to own the way and therefore had no right to object to its use by those for whose convenience it was established. Indeed, the permissive use in this case was the same as would have been if a deed to the road had been made by the grantors for they understood that they did not own the way, that the ownership thereof was vested in the parties under the agreement and that they, the grantors, had no right to object. It was not permissive in the sense of licensor and licensee. This right having been thus enjoyed by the appellants under the circumstances detailed for more than ten years, the statutory period of limitation, the prescriptive right in addition to those heretofore considered is clearly established and such right is a vested right and not a mere license. [Powers v. Dean, 112 Mo. App. 288-297, 86 S. W. 1100; Autenreith v. R. R. Co., 36 Mo. App. 254-260.] And the easement having been in the first instance based upon a valuable consideration, aside from the way of necessity and having thus ripened by prescription, it is a vested interest appurtenant to the lands and appellants were not trespassers in removing the fence erected across the same.

2. The point is made that respondent Olson, by having conveyed the one acre mentioned to Stephen Gilbert, which acre, according to description in the deed, abutted on the land line and would have included a portion of the right of way, and inasmuch as no reservation was made thereof in said deed, is thereby estopped in this case. It is only necessary to say in this connection that the uncontradicted testimony is that when the conveyance was made, the parties measured the acre of ground from the side of the roadway and that it was understood no part of the road was sold or conveyed by that deed; that both Stephen Gilbert and Lefever, a sub-

sequent grantee of a portion of the lands, understood all about the roadway, made no claim to it, at no time fenced it or asserted ownership over it, permitted it to remain entirely in the possession and use of those for whom it was established and treated it as an existing and vested right in the appellants.

The judgment will be reversed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.