Ellis v. Bassett.

No. 14,914.

ELLIS v. BASSETT.

EASEMENT.— *Way of Necessity.*—The owner of a twenty-acre tract of land, bounded on the north by a public highway, the only highway adjoining his land, used as a roadway a strip of ground along the east side of the tract to reach the public highway on the north. The owner died, and, upon partition, five acres on the north end of the twenty-acre tract were set off to his widow, and the remaining fifteen acres sold to the plaintiff. The widow sold the five acres to the defendant, who denied the right of the plaintiff to use the same in passing from his land to the public highway.
*Held,* that the plaintiff was entitled to an easement over the defendant's land.
SAME.—*Partition Among Heirs.*—A partition of real estate among heirs carries with it, by implication, the same right of way from one part to and over the other as had been plainly and obviously enjoyed by the common ancestor, in so far as it is reasonably necessary for the enjoyment of each part.
SAME.—Where the owner of an estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of the severance of ownership such servitude is in use, and is reasonably necessary for the fair enjoyment of the other, then, whether the severance is by voluntary alienation or by judicial proceedings, the use is continued by operation of law.
SAME.—*Notice to Purchaser.*—Where the facts show that the way was a way of necessity, that it was open and visible, and had been used continuously for many years, this constitutes sufficient notice to a purchaser of the existence of the easement.

From the Howard Circuit Court.

*J. W. Cooper, B. F. Harness, J. O'Brien* and *C. C. Shirley,* for appellant.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellee.

MILLER, J.—The appellee sued the appellant to quiet his title to an easement along and over the land of the appellant.

A demurrer was overruled to the complaint, and, the ap-

pellant electing to stand by his demurrer, final judgment was rendered against him.

The sufficiency of the complaint is the only question before us.

The complaint alleges, in substance, the following facts : That Henry Bassett, Sr., in his lifetime, was the owner and in possession of a tract of twenty acres of land, bounded on the north by a public highway, it being the only highway adjoining his land ; that Henry Bassett, Sr., died in the year 1880, and upon partition of his real estate, five acres on the north end of the twenty-acre tract were set off to his widow, Matilda Bassett ; that afterwards, in the year 1881, the other fifteen acres of land were sold at administrator's sale to the appellee, who received, and on the 19th day of December, 1881, caused to be recorded, an administrator's deed therefor ; that on the 14th day of March, 1883, the widow sold and conveyed the five-acre tract of land to the appellant.

It is also alleged that for many years previous to his death Henry Bassett, Sr., used as a roadway a strip of ground about one rod in width along the east side of the tract of land to reach the public highway on the north ; that the way was, and still is, necessary to the proper use and enjoyment of the fifteen-acre tract of land ; that at the time the plaintiff purchased the fifteen acres of land, and for many years prior thereto, this way was open and visible, and had for a long time been used by the owner for the passage of men, horses, and vehicles to and from the southern part of the twenty acres to the highway on the north ; that from the time of his purchase of the fifteen acre tract of land, he used the way as it had formerly been used, by and with the knowledge and consent of the widow, while she owned and held the five-acre tract, and with the knowledge and consent of the defendant, Rufus Ellis, after he purchased the same, until the autumn of the year 1886, when the defendant obstructed, and still obstructs, the use of the way by building fences across, and denying the right of the plaintiff to use the

same in passing to and from the fifteen-acre tract to the public highway on the north.

That the lands on the east, south and west of the fifteen-acre tract are owned by other persons, and the plaintiff has no right of way over the said lands from his land to any public highway.

The circumstances under which a way of necessity will arise is thus stated in Bishop Non-Contract Law, section 872 : " If one conveys to another, out of a parcel of land, a part lying neither on the highway nor on the grantee's other land, it will be useless to the new owner unless he can have access to it ; hence, by presumption of law, the deed carries with it to the grantee a right of way over the unconveyed part."

In Ballard Real Estate Statutes, section 371, it is thus defined : " Most common of ways implied are ways from necessity, as where one sells another land so surrounded by other lands as to be inaccessible except by passing over such grantor's land, the law implies the grant of way over such land."

To the same effect we cite Washburn Easements (4th ed.), 258 ; Goddard Easements, 269 ; *Anderson* v. *Buchanan*, 8 Ind. 132 ; *Stewart* v. *Hartman*, 46 Ind. 331 ; *Steel* v. *Grigsby*, 79 Ind. 184 ; *Logan* v. *Stogsdale*, 123 Ind. 372.

"A way of necessity can only be raised out of land granted or reserved by the grantor, but not out of the land of a stranger. For if one owns land to which he has no access except over lands of a stranger, he has not thereby any right to go across these for the purpose of reaching his own." 2 Washb. Real Prop. (3 ed.), 282 ; *Stewart* v. *Hartman, supra*, p. 341.

A right of way, upon a severance of the estate by partition between heirs, sometimes arises when it would not exist in case of a conveyance of one portion of the premises. And it may be laid down as a general rule that a partition of real estate among heirs carries with it by implication the same

Ellis v. Bassett.

right of way from one part to and over the other as had been plainly and obviously enjoyed by the common ancestor, in so far as it is reasonably necessary for the enjoyment of each part.   Goodall v. Godfrey, 53 Vt. 219 ;   Collins v. Prentice, 15 Conn. 39 ; Burwell v. Hobson, 12 Gratt. 322 ; Kilgour v. Ashcom, 5 Harr. & J. 82 ; Seymour v. Lewis, 13 N. J. Eq. 439 ; Elliott v. Salle, 14 Ohio St. 10.

Where the owner of an estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of the severance of ownership such servitude is in use, and is reasonably necessary for the fair enjoyment of the other, then, whether the severance is by voluntary alienation or by judicial proceedings, the use is continued by operation of law. John Hancock M. L. Ins. Co. v. Patterson, 103 Ind. 582.

The appellant contends that the complaint is defective for failing to allege that the plaintiff was unable to obtain a way to the highway over the lands of others.   This point has been decided contrary to the views of the appellant. Pernam v. Wead, 2 Mass. 203 ; Collins v. Prentice, 15 Conn. 423.

It does not detract from the weight to be given these cases that at the time they were decided the laws of the respective States permitted the establishment of private ways upon payment of the damages caused by their opening.

The appellant also contends that the way claimed was not appurtenant to the dominant estate so as to pass with it in conveyances of the fee ; also, that the complaint fails to show that the appellant had notice at the time of his purchase of the easement with which it was charged.

The facts stated in the complaint show that the way was a way of necessity, that it was open and visible, and had been used continuously for many years.

The same objections were made to the complaint in Robinson v. Thrailkill, 110 Ind. 117, in passing upon which ELLIOTT, C. J., says : " The complaint shows that the road purchased by the grantor of the appellees was 'in almost

Ellis *v.* Bassett.

constant use,' and this user was notice to the appellant. It is a familiar rule that possession is sufficient to put a purchaser upon inquiry, and that means of knowledge is equivalent to knowledge."

This is a concise statement of the law upon the subject, and is sustained by an unbroken line of authorities, among which we cite *Shirk* v. *Board, etc.*, 106 Ind. 573; *Randall* v. *Silverthorn*, 4 Pa. St. 173; *Zell* v. *Universalist Society*, 119 Pa. St. 390; *Cannon* v. *Boyd*, 73 Pa. St. 179.

That the way as described in the complaint was appurtenant and passed by a conveyance of the same, is established by the following, with many other cases: *Robinson* v. *Thrailkill, supra; Parish* v. *Kaspare*, 109 Ind. 586; *John Hancock M. L. Ins. Co.* v. *Patterson, supra; Ross* v. *Thompson*, 78 Ind. 90; *Davidson* v. *Nicholson*, 59 Ind. 411; *Keiper* v. *Klein*, 51 Ind. 316; *Moore* v. *Crose*, 43 Ind. 30; *Sanxay* v. *Hunger*, 42 Ind. 44.

It is also claimed that, if a way of necessity existed over the lands of the appellant, the selection or location of the way belonged to the appellant. The law is unquestionably as stated, but, according to the allegations of the complaint, the right of selection had been exercised by those under whom the appellant claimed title. The controversy between the parties was not as to the location of the way, but it was a denial of the existence of any way over the appellant's lands. Whether a way of necessity when once located can be changed to another portion of the servient estate is not before us in this appeal, and we do not therefore pass upon the question.

The court did not err in overruling the demurrer to the complaint.

Judgment affirmed.

Filed April 23, 1891.