No. 913.

## STEINKE ET AL. *v.* BENTLEY ET AL.

VARIANCE.—*Between Pleading and Proof.—When Immaterial. — Amendment of Pleading.—Presumption.*—Where a complaint alleges that an agreement for the restoration of a ditch was entered into by A. and B., and the evidence discloses that the agreement was entered into by A. and the ancestor, deceased, of B., there is no such material variance between the pleading and the proof as to work a reversal of the judgment; B. being in direct privity with his ancestor, the variance could have been obviated in the trial court, by amendment, and that will be presumed to have been done.

NUISANCE.—*Continuing.—Successive Actions for Damages. — Obstruction of Ditch.*—The obstruction of a ditch in which a party has an easement for the drainage of his lands constitutes a continuing nuisance, and successive actions for damages may be maintained because of such continuance.

SAME.—*Existing Nuisance on Land When Purchased.—Liability of Purchaser. —Request to Abate.*—The doctrine that one purchasing land with a nuisance already upon it is not to be held liable until requested to remove it, can not be invoked for the benefit of one who was instrumental in creating the nuisance.

EASEMENT.—*Servitude Created During Unity of Title.—When Runs with the Land.*—Where land is held under unity of title, and while so held an obvious servitude which is apparently permanent is imposed on one part in favor of another, which servitude exists and is reasonably necessary for the fair enjoyment of the dominant estate at the time of the severance of title, then such easement runs with the land, and the purchaser takes his title with the servitude.

PLEADING.—*Counterclaim.—Several Interests of Joint Plaintiffs.*—Where two defendants answer jointly by way of counterclaim, which shows upon its face that the claim is not a joint but several one, the counterclaim will be bad on demurrer for want of facts. The same rules of pleading apply to counterclaims as apply to complaints.

From the Marshall Circuit Court.

*C. Kellison*, for appellants.

*S. Parker*, for appellees.

GAVIN, J.—This is an action brought by appellees to recover damages by reason of appellants having closed up two drains upon their own lands, through which appel-

lees claimed a right, by way of an easement, to conduct the water off their lands.

From the special findings of fact, it appears that in the year 1862 one Perses Reeves was the owner of the two tracts now owned by the appellants and appellees respectively. At that time the land now owned by appellees was wet, and required drainage to make it fit for use, and she then constructed two ditches upon and from that land, across the tract now owned by appellants, emptying into a natural running stream, whereby the water was drained off the tract now owned by appellees. These ditches were of sufficient capacity to, and did, properly drain the marsh lands now owned by appellees. From the time of their construction forward until 1884, when obstructed by appellants, these ditches were all the time open, plain, and visible ditches from their sources to their outlets, and were, during all that time, operating to, and did, drain the wet lands and marshes on the land now owned by appellees, and were continuously used by the owners of that tract under a claim of right, all of which was well known to appellant August Steinke when he purchased his tract, and to both the appellants when they obstructed the ditches, and when August conveyed to John E. Steinke.

In 1866 said Perses Reeves conveyed the one tract to Mary Ann Kennedy, a married woman, who, in 1876, conveyed it to August Steinke, and he, in 1889, conveyed the same to the appellant John E. Steinke, the present owner, reserving the use of a part of the house and barn, and reserving, also, one-fourth of the products of the land.

In 1872 said Perses Reeves conveyed the other tract to Wm. H. G. Bentley, from whom the appellees inherited it in 1885.

In the year 1883, said August Steinke obstructed and filled up the greater part of one of said ditches, known as the east ditch, upon his land, thereby almost completely obstructing and preventing the drainage of Bentley's land.

Bentley objected to this obstruction, claimed the right to have said ditch kept open to drain his land, and threatened legal proceedings to enforce this claim. With knowledge of this claim by Bentley, August Steinke, in the year 1883, agreed that if Bentley and one Nash, who also owned land which drained into this ditch, would each cut one-third of an open ditch on the land of said Steinke, where said east ditch had originally been made, he would cut and open one-third of the same, and allow the water from Bentley's said land, and that of Nash, to flow through said east ditch onto and over his land. This agreement to re-open the ditch was carried out, and the ditch restored so as to properly drain the lands of Bentley. At the time of the conveyance to him, John E. Steinke had knowledge of this agreement, and that the ditch had been re-opened by the parties under it.

In 1884 said August Steinke, assisted by John E., without the knowledge or consent of said Wm. G. H. Bentley, laid four-inch tiles in the east ditch, and built an embankment across the same, at the line of appellee's land, leaving no other outlet for the water in said ditch from appellee's land except said tiles, which were wholly insufficient to properly carry off the water which usually and naturally flowed through said east ditch, whereby five acres of cleared and tillable land of appellees were rendered wet and unfit for cultivation, and four acres of appellees' marsh land kept flooded, whereby appellees were damaged, etc.

As to this east ditch the court's conclusions of law were in favor of appellees, while as to the west ditch he gave them no damages. The appellants jointly and severally excepted to the correctness of the court's conclusions.

The complaint alleges the agreement for the restoration of the ditch to have been made by Steinke, Nash, and the appellees, instead of the appellees' ancestor, as shown by the facts. Appellants insist that in this there is a variance

which amounts to an absolute failure of proof, by reason of which they are entitled to judgment.

Section 391, R. S. 1881, provides that "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

"Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs." Section 392.

If the court may thus direct the jury, he may, of course, thus find himself, when the cause is tried without a jury.

"In order to constitute a failure of proof, and not merely a variance, the allegation of the claim or defense must be unproved, not in some particular or particulars only, but in its general scope and meaning." Section 393.

We have a right to suppose the findings supported by the proof, and no objection appears to have been made to proof that this arrangement was made with appellees' ancestor instead of with them.

Appellees were in direct privity with their ancestor, and stand in his shoes. Had objection been made, or even without objection, the court might have permitted the pleading to be amended. No claim is made that appellants were misled on the trial, and we are unable to see how they could have been misled.

In *Roberts* v. *Graham,* 6 Wall. 578, this rule is laid down:

"The objection of a variance, not taken at the trial, can not avail the defendant as an error in the higher court, if it could have been obviated in the court below."

This is quoted with approval by ELLIOTT, J., in *Graves* v. *State,* 121 Ind. 357.

These propositions are also sustained by *Taylor* v. *State,* 130 Ind. 66; *Braden, Admr.,* v. *Lemmon,* 127 Ind. 9; *Hedrick* v. *Osborne & Co.,* 99 Ind. 143; *Krewson* v. *Cloud,* 45 Ind.

273; 1 Estees' Pleading, section 205; Green and Myer's. Missouri Pleading, section 468.

It was within the province of the court to have permitted an amendment on the trial. *Leib* v. *Butterick*, 68 Ind. 199; *Child* v. *Swain*, 69 Ind. 230.

We are, therefore, of opinion that the variance was not material within the meaning of the statute, and since the complaint might have been amended in the court below to correspond to the proof, it will be deemed to have been so amended here. *Bristol Hydraulic Co.* v. *Boyer*, 67 Ind. 236.

The fair construction of the arrangement made for the restoration of the ditch is that Nash and Bentley were to have the perpetual right to flow water from their lands. through the ditch. There is no limitation as to its duration, and nothing to indicate that it was merely temporary. On the contrary, all the facts stated point to the opposite conclusion.

If we deem the right of Bentley to have been created by this agreement and its execution, the parol agreement thus. acted upon by the parties, there being both performance and possession taken, created, in equity, a right of easement which became appurtenant to the land, and passed with it to the appellees. *Nowlin* v. *Whipple*, 120 Ind. 596; *Hodgson* v. *Jeffries*, 52 Ind. 334; *Snowden* v. *Wilas*, 19 Ind. 10; *Robinson* v. *Thrailkill*, 110 Ind. 117; *Cook* v. *Pridgen*, 45 Ga. 331.

Counsel for the appellants urges that under the facts of this case all the damages to the land inured to Wm. G. H. Bentley, who was the owner when the ditch was closed up; that the obstruction was a permanent one, and all damages must be recovered in one action.

We are unwilling to give our adherence to the proposition that appellants could thus force appellees or their ancestor to part with their right of drainage, and rely upon the recovery of damages. Appellees were entitled to the continued use of the drain. The right having

vested in them, it could not be taken from them without their consent or acquiescence. They could maintain this right by injunction. 3 Sutherland on Dam., sections 1036 to 1039; 1 Addison on Torts, section 404.

The wrong done by appellants did not constitute a mere trespass for which a single recovery would suffice, but it constituted a continuing nuisance from which appellees were entitled to be relieved, as well as to a recovery of damages.

Our statute, R. S. 1881, section 289, thus defines a nuisance: "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

By section 291 is given also the right to abate it upon a proper showing.

Wood on Nuisances, section 13, thus distinguishes between a nuisance and a trespass: "A trespass is a direct and forcible invasion of one's property, producing a direct and immediate result, and consisting usually of a single act; but injuries of this class (nuisances), are indirect and a consequence of a wrongful act, and continuous, and the fact of their continuousness is one of the main reasons that make them a nuisance."

There is a manifest distinction between a wrong of this character and the injury resulting from the construction of some public work, by a city or a railroad, wherein all damages must be recovered in one action. This distinction is recognized in the case of *City of North Vernon* v. *Voegler*, 103 Ind. 314, which is relied upon by appellants, wherein the act complained of is held not to have been a nuisance at all, but a mere case of negligence.

While there may be some difference of authority upon the proposition, we think the correct rule is that in such a case as this it may reasonably be anticipated that the

wrong-doer will remove the cause of injury rather than respond in continued damages, and that all damages, prospective as well as present, do not accrue to the owner of the land at the time of the interference. *Schlitz Brewing Co.* v. *Compton* (Ill.), 32 N. E. Rep. 693; 1 Sutherland on Dam., sections 125, 126, 127; *Stein* v. *City of Lafayette*, 6 Ind. App. 414, 33 N. E. Rep. 912; see notes to *Cook* v. *England*, 92 Am. Dec. 618; *Aldworth* v. *City of Lynn*, 153 Mass. 53; *Brown* v. *Chicago, etc., R. R. Co.*, 80 Mo. 457.

Since no future or prospective damages could have been recovered by Wm. G. H. Bentley, it necessarily follows that they are recoverable by the appellees; otherwise they could be recovered by no one. Appellees' damages must necessarily be limited to the loss accruing to them during their ownership of the property. *Thompson* v. *Gibson*, 7 M. & W. 456.

In *Wells* v. *New Haven, etc., Co.*, 151 Mass. 46, a purchaser of land is held entitled to maintain an action for damages on account of a continuing nuisance erected before he acquired title to the land.

Both the appellants were active participants in closing up the ditch, with knowledge of the claims of Bentley, and both must be held to respond for all damages resultant therefrom. *Prentiss* v. *Wood*, 132 Mass. 486.

August Steinke, the owner at that time, continues to hold an interest in the land and its products, under his deed to his son John. The doctrine that one purchasing land with a nuisance already upon it is not to be held liable until requested to remove it, can not be invoked for the benefit of one who was an actor in creating the nuisance. 1 Addison on Torts, section 383; *Ahern* v. *Steele*, 115 N. Y. 203; *Dalay* v. *Savage*, 145 Mass. 38; *Russell* v. *Brown*, 63 Me. 203.

Under the facts as found, an easement would appear to have been created by implication in favor of the tract retained by Perses Reeves, when she conveyed away the

tract over which the drain was constructed from the tract retained by her and now held by appellees.

The following rule is laid down in *John Hancock, etc., Life Ins. Co.* v. *Patterson*, 103 Ind. 582:

"Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another which, at the time of the severance, is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use."

There is a difference in the authorities as to just how far this rule ought to be extended in favor of a grantor who has failed to expressly reserve any rights in his deed, but there are many authorities supporting the doctrine as enunciated in the Patterson case as applicable to easements such as this, which was apparent and continuous in its character. *Pennsylvania R. R. Co.* v. *Jones*, 50 Pa. St. 417; *Geible* v. *Smith* (Pa.), 23 Atl. Rep. 437; *Seymour* v. *Lewis*, 2 Beasley Ch. (N. J.) 439; *Kelly* v. *Dunning*, 43 N. J. Eq. 62; *Elliott* v. *Rhett*, 5 Richardson Law Rep. (S. C.) 405; *Harwood* v. *Benton*, 32 Vt. 724.

Since counsel have not discussed this proposition in their briefs, we have not determined the case upon it, but simply refer to the principle and some of the authorities thereon.

The appellants assign as error the sustaining of the demurrer to their joint counterclaim.

In this there was no error for one reason at least. In that pleading it is alleged that appellant August Steinke owned the land up to 1889, when he conveyed it to appellant John by deed. Up to this time, John had no interest in the land. After this conveyance, August had none, so far as the pleading shows. Their rights of action were, therefore, several and not joint. It is well settled that a complaint, to be good on demurrer for want of facts, must

show a cause of action in favor of all the plaintiffs. The same rule would apply to a counterclaim or cross-complaint. *Berkshire* v. *Shultz,* 25 Ind. 523; *Holzman* v. *Hibben,* 100 Ind. 338; *Harris* v. *Harris,* 61 Ind. 117; *Conger* v. *Miller,* 104 Ind. 592.

There was no error in overruling the motion of appellant John Steinke, asking the court to modify its findings so as to quiet his title against any further claims of appellees.

The motion did not go to the west ditch alone, but to both, and to this he was not entitled in any event.

Several questions are suggested as arising upon the introduction of evidence, but as there is no pretense that the evidence is in the record, we are not permitted to consider them. *Ahlendorf* v. *First Nat'l Bank,* 6 Ind. App. 316, 33 N. E. Rep. 529.

We have found no cause for reversal.

The judgment is affirmed.

Filed May 13, 1893.