INDIANA TRUCK FARM COMPANY *v.* CHAMBERS.ET AL.

[No. 9,723.   Filed January 30, 1919.]

EASEMENTS.—*Drainage.—Division of Land.—Continuance of Right by Operation of Law.*—Where the owner of a tract of land divided it into parcels after constructing a drainage ditch, and then sold servient land to plaintiff, and later sold dominant land to defendants, all of whom purchased with full knowledge of the ditch and in reliance upon the right to continue its use, the right to use the drain continued in favor of the dominant owners, since, where the owner of an estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of ·the severance the servitude is in use and is reasonably necessary for the fair enjoyment of the other, then, whether the severance is by voluntary alienation or by judicial proceedings, the use is continued by operation of law.

From Lake Circuit Court; *W. C. McMahan*, Judge.

Action by the Indiana Truck Farm Company against Henry F. Chambers and others. From a judgment for defendants; the plaintiff appeals. *Affirmed.*

*Otto J. Bruce* and *W. Vincent Youkey*, for ·appellant.

*George E. Hershman*, for appellees.

NICHOLS, J.—This was an action commenced in the Lake Circuit Court by the appellant against the appellees to quiet appellant's title in and to the north half of the north half of section 36, township 32 north, range 9 west, of the principal meridian, in Lake county, State of Indiana.

It was alleged in the complaint that the appellees were asserting some easement, claim, right or title to said real estate, the exact nature of which was unknown; that the same was unfounded and void, but constituted a cloud and slander of appellant's title. Prayer to quiet title as against each and all of the appellees.

The appellees filed a separate, several and joint answer in general denial. The cause was submitted to the court for trial. Judgment by the court that the appellant take nothing by reason of the suit, and that appellees recover costs. From this judgment this appeal is prosecuted. The appellant filed a motion for a new trial, which was overruled, to which ruling the appellant excepted.

The overruling of the motion for a new trial is the only error assigned.

Appellees do not deny that the appellant is the owner of the real estate in fee, but contend that such ownership is subject to an easement in favor of them. It appears from the evidence that the Lake Agricultural Company, at one time, owned all of the land now owned by the appellant and each and all of the appellees, and that while it was the owner of all such land it constructed a 25-foot dredge ditch or drain for the purpose of better draining such land, and that such ditch was so used by the Lake Agricultural Company, and that it was, at the time of the commencement of this action, still used to drain the various tracts of land owned by the appellant and appellees; that in the year 1904 the appellant purchased the land described in his complaint, at which time it knew by its president, who was over the land, and who saw the ditch, that such ditch was used for the drainage

of the lands. About six or seven years thereafter, appellees respectively purchased other tracts of said land from the Lake Agricultural Company, and have continued to own the same, and use said ditch for drainage thereof. This action results from the fact that the appellees have asserted the right or claim to continue to drain their land through the said 25-foot ditch. The principle of law that governs this case is so well established that it seems to the court that it is unnecessary to go into an extended discussion of the same. Where the owner of an estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of the severance the servitude is in use and is reasonably necessary for the fair enjoyment of the other, then, whether the severance is by voluntary alienation or by judicial proceedings, the use is continued by operation of law. *John Hancock, etc., Ins. Co.* v. *Patterson* (1885), 103 Ind. 582, 2 N. E. 188, 53 Am. Rep. 550; *Ellis* v. *Bassett* (1891), 128 Ind. 118, 27 N. E. 344, 25 Am. St. 421. We quote from Washburn, Easements and Servitudes (4th ed.), page 81, as follows: "It may be considered as settled in the United States, that, on the conveyance of one of several parcels of land belonging to the same owner, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements or incidents of property which have been created or used by him during the unity of possession, though they could then have had no legal existence apart from his general ownership * * * neither has the right, by altering arrangements then openly existing to change materially the relative value of the respective parts." See, also, *Steinke* v. *Bentley* (1892), 6 Ind. App. 663, 34 N. E.

97.   We do not deem it necessary to cite other authority.

Judgment affirmed.

McMahan, J., did not participate.