KAISER ET AL. *v.* SOMERS ET AL.

[No. 11,205. Filed February 2, 1923. Rehearing denied April 17, 1923. Transfer denied June 5, 1923.]

1. EASEMENTS.—*Use of Way Necessary to Enjoyment of Land.
—Partition Among Heirs.—Appurtenance.—Implied Covenant.*
—A partition of real estate among heirs carries with it, by implication, the same right of way from one part to and over the other as had been necessary to the proper enjoyment of such tracts by the common ancestor, and the owners had a right to use such way thereover as an appurtenance to their tracts. p. 93.

2. EASEMENTS.—*Right to Use Way.—Appurtenance.*—A partition of real estate among heirs carries with it the right to use a lane used by the ancestor and absolutely and reasonably necessary to the enjoyment of their tracts, as an appurtenance at the time of the partition and such right continued unless in some manner voluntarily surrendered. p. 94

3. EASEMENTS.—*Right to Use Way.—Partition of Real Estate Among Heirs.—Appurtenance.—Permissive Use.—Implied Covenant.*—In the partition of real estate among heirs, where they continued to use a lane which the ancestor had used in going to the different parts of the land, and the lane was absolutely and reasonably necessary for the enjoyment of the several tracts, such use was not permissive but absolute by reason of the implied covenants of the partition deeds and adverse to the owners of the fee. p. 94.

4. EASEMENTS.—*Use of Way.—Location.—Partition of Land Among Heirs.*—Where, after partition of land among heirs, they continued to use a lane which the ancestor had used in going to different parts of the land, the use of the lane being reasonably necessary to the enjoyment of the several tracts into which the land was partitioned, the way which the heirs had a right to use was the one used by the ancestor as located at the time of the partition. p. 95.

From Allen Superior Court; *Carl Yaple,* Special Judge.

Action by Ernest Kaiser and another against Simon W. Somers and another. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Harry H. Hilgemann* and *Leonard, Rose & Zollars,* for appellants.

*Breen & Morris* and *Aiken, Douglass & Aiken,* for appellees.

NICHOLS, C. J.—Action by appellant Ernest Kaiser to enjoin appellee Simon W. Somers from the closing of a lane.

After the commencement of the action, Amanda Kaiser, wife of appellant Ernest, and Mary E. Somers, wife of appellee Simon W. were on motion made parties defendant.

Numerous errors are assigned by appellants, but, as we view this case, we need only to consider error of the court in overruling appellant Ernest Kaiser's motion for a new trial.

The following plat will be useful in helping to understand the situation.

Kaiser *v.* Somers—80 Ind. App. 89.

We have numbered the respective tracts of land for our convenience, thereby avoiding setting out the descriptions at length. Such tracts will hereafter be referred to by their respective numbers.

It appears by the undisputed evidence that appellant Ernest Kaiser has been the owner of tract No. 1 since September 21, 1885, when he acquired title thereto by deed from the heirs of Henry Kaiser, his father. That said appellant, and his wife Amanda Kaiser, have been the owners of tract No. 2, as tenants by entirety, since July 1, 1907, and, by successive conveyances, they de-

rived their title from the widow and heirs of one Jesse Heaton, July 20, 1906. That William Kaiser has been the owner of tract No. 3 since September 21, 1885, when he acquired title thereto from the heirs of his father, Henry Kaiser, deceased. That appellees have been the owners and in possession of tract No. 4 since April, 1905, when they acquired title thereto by successive conveyances from the heirs of said Henry Kaiser, deceased. That upon December 27, 1915, William Kaiser and wife conveyed by warranty deed to appellees, husband and wife, tract No. 5, being a strip of land 24.75 feet wide, east and west, and 1321.88 feet long, north and south, along the east line of tract No. 3, it being intended that the description in the deed should cover that part of the lane or way in controversy in this action. That appellees thereupon took possession thereof, and at the commencement of this action were in such possession, and have closed such lane by erecting gates and locking them.

That prior to May 23, 1885, Henry Kaiser died the owner of and was seized of all the real estate now owned and in possession of said Ernest Kaiser, William Kaiser, and Simon W. Somers and Mary E. Somers, his wife, as tenants by entirety, and that said land so owned by said Henry Kaiser at the date of his death, was partitioned among his said heirs by partition deeds, September 21, 1885. That the lane, tract No. 5, running from the Hoagland public highway, south to the Somers land, tract No. 4, was in existence long prior to 1870, and was in existence during the time Henry Kaiser owned all the tracts above mentioned, and was used by him and his tenants as an outlet and in going to his different tracts of land. That it was there when he died, and when his said heirs partitioned his lands among themselves, and so continues to the time of this action, except for its obstruction by appellees. The right so to

obstruct appellants challenge, and seek to enjoin appellees from so doing.

In findings Nos. 11, 14 and 15, the court finds that the lane or way was not used by appellant Ernest Kaiser, adversely, continuously and uninterruptedly, under claim of right, with the knowledge and acquiescence of the owner of the land, and that the use made of such way was permissive. These findings are not sustained by the evidence.

It will be observed that Henry Kaiser, the ancestor, owned tracts Nos. 1, 3 and 4 of the real estate mentioned above, all of which tracts were contiguous

1. to the way, that he used such way in going to his various tracts of land, and that the way was there when he died and when his heirs divided the lands, making partition deeds.

The rule that must govern under such circumstances is well stated in *Ellis* v. *Bassett* (1891), 128 Ind. 118, 27 N. E. 344, 25 Am. St. 421, where the court says, on page 120, that, "it may be laid down as a general rule that a partition of real estate among heirs carries with it by implication the same right of way from one part to and over the other as had been plainly and obviously enjoyed by the common ancestor, in so far as it is reasonably necessary for the enjoyment of each part." Numerous authorities are cited to sustain this principle. The court further says: "Where the owner of an estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of the severence of ownership such servitude is in use, and is reasonably necessary for the fair enjoyment of the other, then, whether the severence is by voluntary alienation or by judicial proceedings, the use is continued by operation of law."

It is apparent that the way involved was appurtenant to each of the tracts of land as severed from the whole

tract owned by the ancestor, at the time that the
2, 3. deeds of partition were executed September 21,
1885.     At that time the way was an absolute
necessity to the use of tract No. 4, then severed and set
apart to William Kaiser and Ernest Kaiser, as trustees
of Edward Kaiser, one of the heirs of Henry Kaiser, for
there was no other means of ingress or egress to such
tract, and such way was reasonably necessary to the
proper enjoyment of the tracts adjoining the same, and
set apart to others of the heirs of Henry Kaiser, de-
ceased, as it is apparent from the undisputed evidence
that these heirs and their grantees at that time and ever
since to the time of the obstruction of the way by appel-
lees continued to use it as a means of ingress to and
egress from their fields adjoining the same.   The use
of the way in the manner aforesaid continued by the
parties owning the real estate contiguous thereto for
more than thirty years, each by his conduct, if not his
declaration, recognizing the others' right so to use, until
appellees made their purchase from William Kaiser of
tract No. 5, and thereupon, while, of necessity, claiming
their right to use the south part of such way, they say
by their act that the owners of real estate contiguous
to such south part of the way shall not have further
right of ingress and egress over the north part.   We
are unable to see the equity of appellants' contention.
As all of the owners of the tracts of land adjoining the
way involved had their absolute right to use such way
as an appurtenance at the time of the partition of the
real estate, such right continued in each of them, unless
in some manner voluntarily surrendered.   We see noth-
ing in the facts in this case that indicate that there has
ever been such a surrender.   The way being appur-
tenant to each of the tracts at the time of the parti-
tion, it passed by conveyance to the successive grantees.
*Ellis* v. *Bassett, supra; Robinson* v. *Thrailkill* (1887),

110 Ind. 117, 10 N. E. 647.   The use which each of the heirs and their grantees, including appellants and appellees, made of such way, by virtue of the partition deeds was not a permissive use, but was a use under absolute right by reason of the implied covenants of partition deeds.   Such use was therefore under claim of right, and the same was adverse to the owners of the fee, and whatever title appellees acquired by their purchase and the deed from William Kaiser, was subject to the right of the respective owners of the real estate adjoining the way to use the same.

There is some controversy as to the exact location of the lane with reference to the section line.   This question is unimportant under the issues in this case.

4.   The way that both appellees and appellants have a right to use is the one used by Henry Kaiser, and as located at the time of the partition of his lands among his heirs, without any regard to its location with reference to the section line.   Judgment reversed, with instruction to the trial court to grant a new trial, both on the issues joined on the complaint and the cross-complaint.