SHANDY *v.* BELL ET AL.

[No. 25,889.   Filed March 30, 1934.   Rehearing denied October 9, 1934.]

*S. L. Vandeveer,* for appellant.

*Morton C. Embree* and *Charles O. Baltzell,* for appellees.

HUGHES, J.—The appellant filed her complaint in the lower court to quiet title against the appellees to the east half of an easement and right of way over a part of a city lot in the city of Princeton. The appellee, Mabel Bell, filed a cross-complaint against the appellant to quiet title to a part of said lot, the west line of which was the center line of said claimed easement and right of way.

It appears that on January 27, 1913, that Fannie Applegath and Joseph G. Applegath conveyed by warranty deed the whole of said lot 90 to the appellant herein. The lot was 50 feet east and west and 148 feet and 6 inches north and south.

In 1914, the appellant built a residence on the west part of said lot, the house facing the north on Walnut street; that she fixed a drive way on the east side of said house eight feet wide from the street to the south side of said lot for the use and benefit of said house; that said driveway consisted of gravel; that the sidewalk, where the driveway began, was scored and corrugated to the width of eight feet and a center groove running north and south across said sidewalk, being the center line of said driveway and being approximately eighty-one feet and two inches west of the northeast corner of said real estate.

It further appears that on June 15, 1916, the appellant, then a widow, conveyed, by warranty deed, the east portion of said lot to one Herman G. Graper. The description contained in the deed is as follows: Beginning at the northeast corner of said lot (90) and running thence west eight-one feet and two inches more or

less to the center of a driveway as now located; thence south fifty feet, thence east to the east line of said lot; thence north to the place of beginning.

On May 20, 1922, Herman G. Graper and his wife, Edna R. Graper, by warranty deed conveyed the last described real estate to the appellee Mabel Bell, and in the identical language as above set out. There is a residence on the part of the lot described which faces east on Hart street.

The court made a special finding of facts and stated its conclusions thereon.

The assignment of errors relied upon for reversal by the appellant is as follows: the court erred in each of its conclusions of law, and the court erred in overruling the motion of appellant for a *venire de novo*.

The court made fourteen findings of facts. We will set out the substance of these findings which we consider are material to a decision in the case.

The court found in finding number five that in the year 1914, the appellant built a residence on the west end of lot number 90 and at the same time constructed and built a driveway eight feet wide on the east side of said residence from the south street line over a parking space between the curb line of said street and over said sidewalk to the south line of said real estate for the use and benefit of said house as a means of access to the coal bin for delivering coal thereto, and as a means of access to the kitchen door in said dwelling house; that the location of said house and the plans for its construction, together with the location of the coal bin, furnace, and coal hole, and the plan and location of the driveway were each and all planned and located by the appellant before the construction as a single plan, each with a view and with reference to the location of each other part; that said driveway was made by excavating dirt and depositing gravel in said excava-

tion; that the sidewalk was scored and corrugated to the width of eight feet so as to indicate a passage way thereover as a means of access to said house by a center groove in said cement sidewalk running north and south crossing a series of other grooves parallel with each other running east and west along said sidewalk across said center groove, said center groove running north and south across said sidewalk being the centerline of said driveway and being approximately eighty-one feet and two inches west of the northeast corner of said lot; that said residence and driveway were completed in the autumn of 1914 and since said time has been occupied either by the owner or a tenant and that the driveway is *convenient* and *beneficial* for the fair enjoyment of said dwelling house.

The court further found that the appellant retained real estate to the east of the house and between the house and a line drawn south from the center of the scored and corrugated portion of said sidewalk, the narrow portion of which, east and west, was six feet and eight inches; that some vehicles and some trucks, loaded with coal, could back across said sidewalk and to said coal hole, and pull away therefrom to said street and unload coal at said coal hole, without encroaching upon the real estate east of a line drawn south of the center of the corrugated portion of said side walk; that the plaintiff retained on the west side of her house, a strip of land more than twenty feet in width; that a driveway could be constructed on said strip of land west of said house so as to afford access to said basement; that said basement could be so reconstructed as to receive coal at the west side thereof, all at a maximum cost of one thousand dollars.

It further appears from the findings that while Herman G. Graper owned the real estate now owned by Mabel Bell, appellee herein, he built, without the con-

sent of appellant, a garage so that the west line of said garage was parallel with and three feet and one-half inch east of the center line of said driveway; that soon after Graper took possession of said real estate someone other than the plaintiff, and without her knowledge removed the gravel that had been placed in said part of said driveway south of said sidewalk and filled said part of said driveway with dirt, that the said Herman G. Graper during the period of his ownership of said real estate and his successors in possession and ownership have attended to and cared for all of the real estate east of a line drawn south through the center of the scored and corrugated portion of said sidewalk; that the plaintiff, since the removal of said gravel, has attended to and cared for the portion of the real estate retained by her west of a line drawn south from the center of the scored and corrugated portion of the sidewalk; that since the removal of said gravel from said driveway the only visible indication of a driveway south of said walk are the ruts made by vehicles.

Upon the finding of facts the court stated three conclusions of law as follows: (1) That the defendants are entitled to a judgment upon the complaint, and that the plaintiff take nothing by her complaint; (2) that the defendants are entitled to a judgment against the plaintiff upon their cross-complaint quieting their title to the real estate in said cross-complaint described; and (3) that the defendants are entitled to a judgment against the plaintiff for costs.

The attorneys for the appellant and appellees have filed able and exhaustive briefs in this case. Many cases from other jurisdictions are cited to sustain their respective contentions. We feel, however, that the legal questions involved in the instant case are well settled by the decisions of the higher courts of our own state.

The vital question to be decided in this case is this:

Does the appellant have an easement in the east half of the driveway in question under the facts as found by the lower court?

It is clear that under the deed from the appellant to Herman G. Graper there is no express reservation of an easement. If there is an easement, it must be an implied one.

It is the law, by the weight of authority, that where one grants real estate by metes and bounds, by a deed containing full covenants of warranty, and without an express reservation, there can be no reservation by implication, unless the easement claimed is at least one of reasonable necessity. The fact that it may be convenient and beneficial does not make it an easement. In many jurisdictions, the courts adhere to the rule of strict necessity. In this state we think this Court has adopted the rule of reasonable necessity.

The case of *The John Hancock Mutual Life Insurance Co.* v. *Patterson* (1885), 103 Ind. 582, 586, 2 N. E. 188, is cited by both sides in the instant case, and is cited in other jurisdictions on the question of easements. In this case the court said: "Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is *reasonably necessary* for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceeding, there arises by implication of law a grant or reservation of the right to continue such use. In such case, the law implies that with the grant of the one an easement is also granted or reserved, as the case may be, in the other, subjecting it to the burden of all such visible uses and incidents as are *reasonably necessary* to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used

when the grant was made." (Our italics.) And on the subject of an implied grant or reservation the court, in the above case, quotes with approval from the case of *Pearson* v. *Spencer* (1861), 1 Best & Smith (Eng.) 571, as follows: "It may be considered as settled in the United States, that, on the conveyance of one of several parcels of land belonging to the same owner, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements or incidents of property which have been created or used by him during the unity of possession, though they could then have had no legal existence apart from his general ownership." Again, in the case of *Lucas* v. *Rhodes* (1911), 48 Ind. App. 211, 224, 94 N. E. 914, the court said: "Where the owner of an estate imposes upon one part an apparent and obvious servitude in favor of another, and at the time of the severance of ownership such servitude is in use, and is *reasonably necessary* for the fair enjoyment of the other, then, whether the severance is by voluntary alienation or by judicial proceedings, the use is continued by operation of law." (Our italics.) In the case of *Indiana Truck Farm Co.* v. *Chambers* (1918), 69 Ind. App. 292, 121 N. E. 662, we find the same statement of the law as is found in *Lucas* v. *Rhodes, supra.* And the following cases, *Ellis* v. *Bassett* (1890), 128 Ind. 118, 27 N. E. 344; *Steink et al.* v. *Bently* (1892), 6 Ind. App. 663, 34 N. E. 97; *Spencer Stone Co.* v. *Sedwick* (1914), 58 Ind. App. 64, 105 N. E. 505, also, support the rule that in order to have an implied grant or reservation of an easement it must be shown that there is a *reasonable necessity* for it.

As stated in the case of *Steinke* v. *Bently, supra,* there is a difference in the authorities as to just how far the rule applicable to easements ought to be extended in favor of a grantor who has failed to expressly reserve an easement in his deed, but we are of the opinion that in this state there may be an implied reservation of an

easement providing· a reasonable necessity exists for the same.

We can not agree with the contention of appellee that there can only be an implied reservation of an easement when there is a *strict necessity* therefor. It is true that in the case of *Dudgeon* v. *Bronson et al.* (1902), 159 Ind. 562, 564, 64 N. E. 910, the court used the following language: "The right of way from necessity over the land of another is always of *strict necessity,* and nothing short of this will create the right." This case was dealing with a situation where a common grantor had sold two tracts of land, one bordering on a highway and the other having no outlet. In this class of cases, if the tract of land having no outlet was sold first, then the right of access to the highway over the lands of the grantor would be appurtenant to the grant, but if the tract bordering on the highway was sold first, then a way of necessity was impliedly reserved by the grantor for the benefit of the other tract. And in a sense, it is a strict necessity, it being the only possible way to a highway. In the case of *Collins* v. *Prentice* (1900), 15 Conn. 39, 44, the court, speaking of the doctrine of a way of necessity, said: "And although it is called a way of necessity, yet in strictness, the necessity does not create the way, but merely furnishes evidence as to the real intention of the parties. For the law will not presume, that it was the intention of the parties, that one should convey land to the other, in such manner that the grantee could derive no benefit from the conveyance; nor that he should so convey a portion as to deprive himself of the enjoyment of the remainder." So if reasonable necessity furnishes evidence to show it was the intention of the parties that there be a grant or reservation of an easement then an easement will be established. The language quoted from the case of *Dudgeon* v. *Bronson, supra,* is too broad and inapt and not in har-

mony with the decision of this court heretofore cited.

It is, however, the universal rule, in our judgment, that a reasonable necessity must be something more than convenient or beneficial. A mere convenience is not sufficient to create or convey a right or easement, or impose burdens on lands other than those granted, as incident to the grant. And a way of reasonable necessity must be more than convenient and beneficial, for if the owner of the land can use another way, he can not claim by implication the right to pass over that of another to get to his own. *Dudgeon* v. *Brown, supra; Bussmeyer* v. *Jablonsky* (1912) 241 Mo. 681, Ann. Cas. 1913C.

It is a rule of law that courts will give effect to the intent in deeds where it can be discovered and is not in violation of rules of law, but will construe a grant most strongly against the grantors where the intention is in doubt. *Elsea* v. *Adkins* (1904), 164 Ind. 580, 74 N. E. 242. And it is also a rule of construction that where a writing is unambiguous it shall be so interpreted as to carry into effect the intention of the parties expressed by the language employed. *Ault* v. *Clark* (1915), 62 Ind. App. 55, 112 N. E. 843.

Applying the law, as we have found it to be in this state, to the facts found by the lower court, what must the result necessarily be? The court found that the driveway in question was *convenient* and *beneficial* for the fair enjoyment of the dwelling house of appellant, but it did not find that it was reasonably necessary. And, as we have heretofore stated, the fact that the driveway may have been convenient and beneficial would not establish, under the law, an easement thereto.

The burden was upon the appellant to show that there was a reasonable necessity for the easement in question, and as the special finding of facts fails to find such necessity it is deemed to be found against the appellant on this material point.

*Donaldson* v. *State ex rel. Taylor* (1906), 167 Ind. 553, 78 N. E. 182.

We are of the opinion that the court did not err in its conclusions of law as to numbers one and two. Conclusion of law number three was that the defendants were entitled to a judgment against the plaintiff for costs. As said in the case *City of Indianapolis* v. *Indianapolis Water Co.* (1916), 185 Ind. 277, 113 N. E. 369: "We are of the opinion that a conclusion of law relating to the recovery of costs was not warranted and must be disregarded. . . . It was not necessary for the court to state any conclusion of law relative to costs. Our statutes make provisions for the award of costs, including the apportionment thereof. Such questions should be presented by motions to modify judgments or to tax costs." See *Skinner* v. *Spann* (1911), 175 Ind. 672, 93 N. E. 1061.

Conclusion of law number three should be disregarded, but as it makes the same disposition of costs as made by the statute, 1 Burns 1926, §641, no harm was done the appellant.

The remaining question to be disposed of relates to the 5th assignment of error—the court erred in overruling the motion of appellant, Mary Shandy, for venire de novo.

Where the facts found, in a special finding of facts, are sufficient to sustain the conclusion of law, the motion for a *venire de novo* is properly overruled. *Aldridge* v. *Clasmeyer* (1919), 71 Ind. App. 43, 123 N. E. 825.

In our judgment the ultimate facts found were sufficient to sustain the conclusions of law stated thereon and the court did not commit error in overruling the motion for a *venire de novo.*

Judgment affirmed.

Myers, J., dissents.