JOHN M. SEARCY AND HELEN L. SEARCY *v.* RALPH J. LA GROTTE

[No. 2-1176A410. Filed February 20, 1978.]

*John A. Kitley, Kitley, Schreckengast & Davis*, of Beech Grove, for appellants.

*Michael R. Fisher*, of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, J. — Defendants-Appellants, John and Helen Searcy (the Searcys), appeal from a judgment denying the existence of an easement over the property of Ralph LaGrotte (LaGrotte),

claiming there was insufficient evidence to support the judgment.

We affirm.

## FACTS

The evidence most favorable to the judgment reveals:

The contiguous parcels of land owned by the Searcys and LaGrotte were previously the property of a Mr. Martin. In 1925, Martin divided his property between two of his children giving adjacent twenty (20) acre parcels to his daughters, Christena Brandt (Brandt) and Rosa Brink (Brink). The family homestead was located on the Brink parcel and two barns occupied the Brandt property.

Although there was no formal agreement determining the actual boundary between the two parcels, a dirt drive leading from Franklin Road to a barn lot positioned between the Brink house and the Brandt barns was regarded as the dividing line. Roena Rode, Brink's daughter, testified that both sisters used the dirt drive and barn lot without consideration of ownership.

The sisters enjoyed a friendly relationship. Both tracts were farmed together and the farming equipment was stored in one of the Brandt barns. Brink's daughter parked car regularly in one of the Brandt barns and Brink kept cattle on the Brandt property.

The Brandt parcel was conveyed to the Searcys by administrator's deed in 1959. The Brink parcel was sold to the LaGrotte Corporation in 1960. As a result of the latter conveyance, a survey was conducted which established that the entrance and approximately two hundred twelve (212) feet of the dirt drive were located wholly on the Searcy parcel. The drive gradually crossed the property line, and the final portion of the drive, including the barn lot, was located entirely on the parcel purchased by the LaGrotte Corporation. It is the portion of the drive located on the LaGrotte parcel which is the subject of the appeal (hereinafter referred to as the Disputed Area).

In 1963 or 1964, Leo LaGrotte reached an agreement with the Searcys concerning permissive use of the Disputed Area. Pursuant

to the agreement, Leo LaGrotte notified the Searcys in 1974 that permission to use the Disputed Area was withdrawn. The Searcys agreed to cease their use after the harvest and LaGrotte consented to the delay. When the Searcys continued to use the Disputed Area LaGrotte brought action to restrain further use.

The trial court found that use of the Disputed Area by the Searcys and their predecessors was permissive until some time after June 1, 1960, and therefore denied the existence of a prescriptive easement. The trial court further found that the Disputed Area was neither permanent nor reasonably necessary for the fair enjoyment of the Searcy land and therefore denied the existence of an implied easement and issued an injunction restraining the Searcys from further use of the Disputed Area.

## ISSUE

The errors raised by the Searcys may be resolved as one issue:

> Was there sufficient evidence to support the judgment of the trial court?

*PARTIES' CONTENTIONS* — The Searcys contend there is no evidence to support the finding that use of the Disputed Area was permissive. LaGrotte replies that the evidence supports an inference of permissive use which is sufficient to deny the existence of a prescriptive easement.

Alternatively, the Searcys contend there is insufficient evidence to support a finding that the Disputed Area is neither permanent nor reasonably necessary for the fair enjoyment of their land. LaGrotte replies that the evidence establishes the Disputed Area is merely convenient and beneficial rather than reasonably necessary and therefore supports the denial of an implied easement.

## DECISION

### PRESCRIPTIVE EASEMENT

*CONCLUSION*—There was evidence supporting denial of the existence of a prescriptive easement.

The Indiana Statute providing for acquisition of an easement in the land of another by adverse use, IND. CODE 32-5-1-1, reads:

> The right of way, air, light or other easement from, in, upon, or over, the land of another, shall not be acquired by adverse use, unless such use shall have been continued uninterruptedly for twenty [20] years.

The Indiana cases are more explicit. In order to establish the existence of a prescriptive easement across the land of another, the evidence must show an actual, hostile, open, notorious, continuous, uninterrupted, and *adverse* use for twenty (20) years under claim of right, or such continuous adverse use with the knowledge and acquiescence of the owner. *Null v. Williamson* (1906), 166 Ind. 537, 78 N.E. 76; *Fankboner v. Corder* (1890), 127 Ind. 164, 26 N.E. 766; *Pugh v. Conway* (1973), 157 Ind. App. 44, 299 N.E.2d 214; *Reder v. Radtke* (1961), 132 Ind. App. 412, 177 N.E.2d 669; *Hutchinson v. Worley* (1958), 129 Ind. App. 157, 154 N.E.2d 389; *DeShields v. Joest* (1941), 109 Ind. App. 383, 34 N.E.2d 168; *Monarch Real Estate Co. v. Frye* (1921), 77 Ind. App. 119, 133 N.E.2d 156.

Further, each of the elements of a prescriptive easement must be established by the party asserting the prescriptive right and failure to prove any one of such elements is fatal. *Pugh v. Conway, supra; Hutchinson v. Worley, supra; Monarch Real Estate Co. v. Frye, supra.*

The existence or non-existence of a prescriptive easement is a question of fact for the trier of facts. *Pugh v. Conway, supra; Reder v. Radtke, supra; DeShields v. Joest, supra; Switzer v. Armantrout* (1939), 106 Ind. App. 468, 19 N.E.2d 858.

Once open and continuous use of another's land commences with knowledge on the part of the owner, a rebuttable presumption arises that such use is adverse. *Smith v. Ponsford* (1915), 184 Ind. 53, 110 N.E. 194; *Fankboner v. Corder, supra; Pugh v. Conway, supra; Griffith v. Neff* (1964), 135 Ind. App. 674, 196 N.E.2d 757.

*Null v. Williamson, supra,* recognized that a presumption of prescriptive right may be defeated by "appeal[ing] to facts and

circumstances for the purpose of showing that the use was not under claim of right." 166 Ind. at 544-45, 78 N.E. at 78.

It is plain the Searcys failed to establish the existence of a prescriptive easement because there was evidence that the use was not adverse. The testimony of Roena Rode effectively rebuts the presumption that use of the Disputed Area was under claim of right. Further, evidence of the friendly relationship enjoyed by the sisters supports an inference that use by the Brink family was permissive.

*IMPLIED EASEMENT*

*CONCLUSION*—There was sufficient evidence to find that the Disputed Area was neither permanent nor reasonably necessary for the fair enjoyment of the Searcy parcel, thereby negating the existence of an implied easement.

The general rule is that when the owner of an estate imposes an obvious and permanent servitude on one part in favor of another part, and at the time ownership is severed the servitude is in use and reasonably necessary for the fair enjoyment of the part benefited, an easement will be implied by law. *Shandy v. Bell* (1934), 207 Ind. 215, 189 N.E. 627; *Ellis v. Bassett* (1890), 128 Ind. 118, 27 N.E. 344; *John Hancock Mutual Life Insurance Co. v. Patterson* (1885), 103 Ind. 582, 2 N.E. 188; *Krueger v. Beecham* (1945), 116 Ind. App. 89, 61 N.E.2d 65; *Kaiser v. Somers* (1923), 80 Ind. App. 89, 138 N.E. 20; *Indiana Truck Farm Co. v. Chambers* (1919), 69 Ind. App. 292, 121 N.E. 662; *Lucas v. Rhodes* (1911), 48 Ind. App. 211, 94 N.E. 914.

Accordingly, the burden is on the party asserting the implied easement to prove that the servitude is reasonably necessary for the fair enjoyment of his land, not merely convenient or beneficial. *Shandy v. Bell, supra; John Hancock Mutual Life Insurance Co. v. Patterson, supra.*

The degree of necessity may be determined by the permanency, apparent purpose, and adaptability of the servitude rather than whether use can be made of the parcel which previously enjoyed the benefit. *John Hancock Mutual Life Insurance Co. v. Patterson, supra; Krueger v. Beecham, supra.*

The Searcys failed to establish the existence of an implied easement because there was evidence that the servitude was not of a permanent nature and was merely convenient and beneficial for the fair enjoyment of the Searcy parcel. Although the evidence establishes that the Disputed Area has been in use for over fifty (50) years, both LaGrotte and his brother described the condition of the drive at the time of purchase as merely a dirt road. Further, the widened portion of the Disputed Area was repeatedly referred to as a barn lot. These references support the inference that the apparent purpose of the Disputed Area was to service the barns rather that the homestead and use by the Searcys and their predecessors was merely convenient or beneficial. Finally, the survey revealed that the entrance on Franklin Road and the initial portion of the drive are located wholly on the Searcy parcel. The fact that the Searcys have access to a public road without passing over the LaGrotte parcel even more firmly establishes that use of the Disputed Area is merely convenient and beneficial, rather than reasonably necessary for the fair enjoyment of the Searcy property.

The judgment of the trial court is therefore affirmed.

Sullivan, P.J. concurs.

Hoffman, J. (by designation) concurs.

NOTE—Reported at 372 N.E.2d 755.