Thomas **REED**, Jr., Sandra L. Reed, and
Allied Construction Co., Appellants–
Defendants Below,

v.

Anna C. **LUZNY**, Joyce Pinkerton, and
Judith Decraene, Appellees–
Plaintiffs Below.

No. 71A03–9302–CV–64.

Court of Appeals of Indiana,
Third District.

Jan. 31, 1994.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for appellants-defendants.

William L. Wilson, Hahn, Walz, Knepp, Dvorak and Higgins, South Bend, for appellees-plaintiffs.

STATON, Judge.

Thomas Reed, Sandra Reed and Allied Construction Co. (collectively "Reed") appeal a summary judgment in favor of Anna Luzny, Joyce Pinkerton and Judith Decraene (collectively "Luzny") in a declaratory judgment action involving adjacent real estate parcels. A single issue is presented for our review: whether the trial court erroneously concluded that Luzny's property was not burdened with an implied easement for the benefit of Reed's property.

We affirm.

The material facts are undisputed. Luzny owns property located at 1108 West Western Avenue in South Bend, Indiana and Reed owns the adjacent property located at 1110 West Western Avenue. The previous owner of both properties (George Luzny) installed water and sewer pipes running from his residence at 1108 West Western Avenue to the commercial building located on the adjacent property. Since her execution of a warranty deed to Reed on September 19, 1980, Anna Luzny has paid for all water and sewer services provided to the adjacent property, without contribution from Reed.

■ Luzny filed a declaratory judgment complaint on January 23, 1992, seeking a declaration that she could legally discontinue the gratuitous provision of utility services to Reed's property. Luzny's motion for summary judgment was granted on October 21, 1992. The trial court issued findings and conclusions which provided, in pertinent part, that the facts and circumstances of the case did not support the recognition of an implied or prescriptive easement. The "findings and conclusions" of the trial court assist this court in determining the reasons for the trial court's decision; however, the standard of review of a summary judgment is not altered. *P.M.S., Inc. v. Jakubowski* (1992), Ind.App., 585 N.E.2d 1380, 1381.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Reed contends that he (rather than Luzny) is entitled to judgment as a matter of law because an implied easement in favor of Reed's property arose upon Luzny's conveyance of the subject property to him. Reed relies upon the general rule that an easement will be implied where, during the unity of title, an owner imposes a permanent servitude on one part of the land in favor of another part, the servitude is in use when the parts are severed and the servitude is reasonably necessary for the fair enjoyment of the benefitted property. *John Hancock Mutual Life Ins. Co. v. Patterson* (1885), 103 Ind. 582, 2 N.E. 188.

Luzny contends that Reed has enjoyed a "use" of free utility service rather than a

"use" of land. Alternatively, she argues that Reed failed to show that his use is reasonably necessary.

■ We agree with Reed that the provision of amenities via underground pipes installed and maintained for that purpose constitutes a "use" of the land. *See generally Ayres v. Lucas* (1945), 116 Ind.App. 431, 63 N.E.2d 204, *trans. denied; Rees v. Panhandle Eastern Pipe Line Co.* (1978), 176 Ind. App. 597, 377 N.E.2d 640; *Buckeye Pipe Line Co. v. Keating* (1956), 229 F.2d 795. Clearly, Luzny's land has been "used" for the benefit of Reed's land. However, the question remains as to whether such use was reasonably necessary at the time of severance. The burden is on the party asserting the existence of an implied easement to show that the servitude is reasonably necessary for the fair enjoyment of his land. *Searcy v. LaGrotte* (1978), 175 Ind.App. 498, 372 N.E.2d 755, 758.

In the recent case of *Whitt v. Ferris* (1992), Ind.App., 596 N.E.2d 230, this court reiterated:

> "Stated differently, an easement will be implied where (1) there was common ownership at the time the estate was severed; (2) the common owner's use of part of his land to benefit another part (a quasi-easement) was apparent and continuous; (3) the land was transferred; and (4) at severance it was necessary to continue the preexisting use for the benefit of the dominant estate.... Even though the owner of the dominant estate does not need to show absolute necessity, there still must be some necessity shown.... In Indiana, a landowner seeking an easement to access part of his lot, when only a portion of the land is inaccessible, faces a heavy burden.... [T]his court emphasized that a means of access will not be granted if another reasonable means exists.... '[a] way of reasonable necessity must be more than convenient and beneficial, for if the owner of the land can use another way, he cannot claim by implication the right to pass over that of another to get to his own.'"

*Id.* at 235 (citations omitted).

■ A requirement of reasonable necessity is not equivalent to a requirement of absolute necessity; however, some necessity which is more than temporary must be shown. *Fischer v. Revett* (1982), Ind.App., 438 N.E.2d 995, 997–98, *reh. denied, trans. denied.* Because a condition not expressed in the deed of the parties is being engrafted thereon when an implied easement is recognized, such an easement will be found only where its creation was within the reasonable intendment of the parties at the time of the severance. *Id.* Our supreme court stated, in *John Hancock, supra:*

> "A mere temporary or provisional arrangement, however, which may have been adopted by the owner for the more convenient enjoyment of the estate, can not constitute the degree of necessity or permanency which would authorize the engrafting upon a deed, by construction, of a right to the enjoyment of something not within the lines described.

> \* \* \* \* \* \*

> Whether the continuance of the previous use is indispensable to the future enjoyment of the estate granted in the condition it was in when severed, the practicability and effect of new adjustments, and the expense involved in making them, while not conclusive, may properly be taken into account, not for the purpose of determining the necessity of a continuance of the use, but to illustrate the degree of probability that the purchaser, as a reasonable man, took the conveyance with the expectation that the existing use would be continued."

*Id.,* 103 Ind. at 588–89, 2 N.E. 188.

Reed contends that Luzny expected to provide free water and sewer services to the adjacent property after the severance and that a reasonable purchaser in Reed's position would expect that provision to continue without interruption. He points out that Luzny made no contemporaneous demand for his pro-rata payment for utility services. Reed readily admits that he can obtain separate water and sewer connections for his commercial building; however, in so doing, he would incur "considerable" expense and

rearrangement of his premises. [Brief of Appellant, p. 15]

We have not previously confronted the precise question of whether the receipt of utility services without cost to the occupants of a dominant estate is reasonably necessary for the enjoyment of the dominant estate. Without doubt, the enjoyment of free utility service by the occupants of the dominant estate is quite convenient. However, in cases involving ingress and egress, we have rejected the contention that mere convenience constitutes a reasonable necessity. The existence of an alternative (although less convenient) means of access will defeat a claim of an implied easement of necessity. *McConnell v. Satterfield* (1991), Ind.App., 576 N.E.2d 1300, 1302; *Hunt v. Zimmerman* (1966), 139 Ind.App. 242, 218 N.E.2d 709; *Fischer, supra; Searcy, supra.*

In *McConnell,* the parties claiming an implied easement presented evidence that, absent the recognition of an easement, they would have to tear out part of a pool deck and retaining wall or place a driveway over a septic system to gain access to their garage. This court upheld the trial court's refusal to find an implied easement, stating: "It may be difficult and expensive, but that is insufficient to create a way of necessity." *McConnell, supra,* at 1302.

Reed admits that his water and sewer service may be obtained by alternative means. He has merely averred that the installation of additional water and sewer lines servicing his commercial building will necessitate considerable effort and expense. For summary judgment purposes, we accept this averment as true. However, Reed has failed to set forth sufficient facts which, if believed, would establish that his use of the lines crossing Luzny's property is not merely convenient but is reasonably necessary for the beneficial enjoyment of the commercial property. Thus, Luzny was entitled to judgment as a matter of law.

Affirmed.

GARRARD and CHEZEM, JJ., concur.