Cheryl SULLIVAN, et al., Appellants–
Defendants,

v.

**EVERGREEN HEALTHCARE LTD.,**
**L.P., Appellee–Plaintiff.**

No. 29A05–9602–CV–49.

Court of Appeals of Indiana.

March 31, 1997.

Transfer Denied Aug. 18, 1997.

Pamela Carter, Attorney General, Beth H. Henkel, Deputy Attorney General, Indianapolis, for Appellants–Defendants.

Richard A. Huser, Nelson D. Alexander, Locke Reynolds Boyd & Weisell, Indianapolis, for Appellee–Plaintiff.

## OPINION

BARTEAU, Judge.

In an action initiated by Evergreen Healthcare Ltd., L.P. (Evergreen), a Medicaid provider, involving reimbursement for non-routine medical supplies provided to Medicaid patients, Cheryl Sullivan, individually in her capacity as Secretary of the Indiana Office of the Secretary of Family and Social Services, James Verdier, individually in his capacity as Assistant Secretary for the Indiana Office of Medicaid Policy and Planning, the Indiana Office of the Secretary of Family and Social Services, and the Indiana Office of Medicaid Policy and Planning (collectively "the Medicaid agency") challenge the trial court's grant of partial summary judgment. The Medicaid agency presents several issues for review, and we find one to be dispositive: Did the changes made to the Supplies Rule between publication and adoption constitute a substantial difference from, and not a logical outgrowth of, the proposed Supplies Rule, in violation of Indiana Code section 4–22–2–29 (1993)?

### FACTS

The facts most favorable to the non-moving party are that Evergreen operates Medicaid certified nursing facilities in Indiana. Prior to promulgation of the rule at issue, the Medicaid agency reimbursed Evergreen and other nursing facilities for non-routine billable medical supplies at a rate of 1.5 times the

actual cost to the nursing facility. The old rule encouraged providers to pay the highest price available for supplies. Consequently, the Medicaid agency developed a new reimbursement rule. On May 1, 1993, the Medicaid agency published notice of a public hearing on the proposed new rule, which came to be known as the Supplies Rule. The proposed Supplies Rule stated as follows:

> A rate for each approved item will be set by the office and made available to providers. Rates will be set at the median of a sample of wholesale supply prices available to providers in Indiana. Rates will be reviewed annually to determine the necessity of a rate change.

R. 997.

On May 25, 1993, a public hearing on the proposed rule was conducted. The Medicaid agency received oral and written comments during the hearing, and received additional written comments afterward. The Medicaid agency reviewed the comments and, on September 1, 1993, published the final version of the Supplies Rule in the Indiana Register. The final version of the Supplies Rule stated:

> A rate for each approved item will be set by the office and made available to providers. Rates will be set at the median of a sample of wholesale supply prices available to providers *in Indiana*. **The sample of wholesale [supply] prices will be conducted by the office or its contractor.** Rates will be reviewed annually to determine the necessity of a rate change.

[Underlined material is language deleted from the proposed rule, while material in bold is language added to the proposed rule.] R. 545.

On November 24, 1993, the Medicaid agency issued a Medicaid Bulletin listing the actual reimbursement rates, which became effective December 1, 1993. The Bulletin explained that the supply prices used in the sample were derived from a national computer database of medical suppliers and their current prices for medical supplies. The Bulletin stated that Indiana supply prices were included in the sample where available.

Evergreen initiated a declaratory action in three counts against the Medicaid agency in December, 1993, seeking to enjoin implementation of the Supplies Rule and requesting a preliminary injunction. After an evidentiary hearing, the trial court granted Evergreen's request for a preliminary injunction. On August 1, 1994, after entry of the preliminary injunction, the Medicaid agency adopted new reimbursement rules superseding the Supplies Rule.[1]

On March 3, 1995, Evergreen filed a motion for summary judgment. On November 15, 1995, the trial court entered judgment for Evergreen on Count II of its complaint, which alleged that the Medicaid agency failed to comply with Indiana Code chapter 4–22–2 when it promulgated the Supplies Rule. The trial court certified its order for partial summary judgment and the present appeal ensued.

### STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992) At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v.*

---

1. The Supplies Rule was therefore only in effect from December 1, 1993, until July 31, 1994. After promulgation of the new rules, the trial court modified the preliminary injunction to allow the Medicaid agency to apply the superseding rules to Evergreen.

*Luzny,* 627 N.E.2d 1362, 1363 (Ind.Ct.App. 1994), *trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C). The parties in the present case do not dispute any questions of fact, but disagree as to the trial court's application of statutory law. The construction of a statute presents a pure question of law for which disposition by summary judgment is appropriate. *State Bd. of Accounts v. Indiana Univ. Found.,* 647 N.E.2d 342, 346 (Ind.Ct.App.1995), *trans. denied.*

### COMPLIANCE WITH INDIANA CODE SECTION 4-22-2-29

■ Evergreen contends deletion of the words "in Indiana" from the final Supplies Rule violated the strictures of Indiana Code section 4–22–2–29(b), which states:

> An agency may not adopt a rule that substantially differs from the version or versions of the proposed rule or rules published in the Indiana Register under section 24 of this chapter, unless it is a logical outgrowth of any proposed rule as supported by any written comments submitted during the public comment period.

We have previously held that Indiana Code section 4–22–2–32(b) (1993) is instructive when applying the above statute. *Meier v. American Maize–Prod's. Co., Inc.,* 645 N.E.2d 662, 677 (Ind.Ct.App.1995). Indiana Code section 4–22–2–32(b) concerns the review and subsequent approval or disapproval of an administrative rule by the attorney general and identifies factors the attorney general must consider when reviewing whether an agency has substantially complied with Indiana Code section 4–22–2–29(b). Application of the same factors is appropriate for review by this Court. *Id.* Those factors are:

> (1) The extent to which all persons affected by the adopted rule should have understood from the published rule or rules that their interests would be affected.

> (2) The extent to which the subject matter of the adopted rule or the issues determined in the adopted rule are different from the subject matter or issues that were involved in the published rule or rules.

> (3) The extent to which the effects of the adopted rule differ from the effects that would have occurred if the published rule or rules had been adopted instead.

The Medicaid agency argues that deletion of the words "in Indiana" from the Supplies Rule as adopted did not result in a rule that substantially differed from the proposed Supplies Rule. The agency contends that, since the reimbursement rates applied only to Indiana providers, inclusion of the terms "in Indiana" was superfluous. The agency further maintains that it was not necessary to include Indiana-specific prices in the rule because the prices in Indiana were not "systematically different" from the prices in other states. Brief of Appellants at 24. We agree with the Medicaid agency that the adopted Supplies Rule did not differ from the proposed Supplies Rule with regard to the analysis articulated in subsections (1) and (2) of Indiana Code section 4–22–2–32(b). Applying subsection (3), however, to the facts at hand, we conclude that the adopted rule differs substantially from the proposed rule.

The text of the proposed Supplies Rule guaranteed that the sample would include "wholesale supply prices available to providers in Indiana." Evergreen designated evidence showing that at least one of the suppliers included in the sample would not ship to Medicaid providers located in Indiana. We reject the Medicaid agency's contention that the lack of systematic differences between the prices in Indiana and other states rendered the difference between the adopted and proposed rules meaningless. The deletion of the terms "in Indiana" from the adopted rule resulted in a rule that permits the agency to include prices in its sample that are not representative of the prices available to providers in Indiana and that have the potential to affect the median price of the sample. The effects of the adopted rule therefore differ substantially from the

effects that would have occurred had the proposed rule been adopted.

The Medicaid agency has failed to present argument that, although the proposed and adopted Supplies Rule differed substantially, the change was a logical outgrowth of the proposed rule. Accordingly, we affirm the trial court's grant of summary judgment in favor of Evergreen.

Judgment affirmed.

SHARPNACK, C.J., and STATON, J., concur.