## JOSEPH RUSSELL *vs.* JOHN B. BROWN.

*Trespass qu. cl. lies for a continuance of a wrongful erection.*

The mere continuance of a structure tortiously erected upon another's land, even after recovery and satisfaction of a judgment for its wrongful erection, is a trespass for which another action of trespass *quare clausum* will lie.

ON REPORT.

TRESPASS *quare clausum,* brought March 17, 1873, for continuing upon the plaintiff's land a wall nine inches wide and one hundred and six feet long. The declaration was in the usual form, alleging a breach and entry, &c., to which the defendant pleaded in bar a former judgment, recovered for building the wall, and satisfaction, as fully appears in the opinion. If this action is maintainable, the damages are to be assessed by a jury.

*S. C. Strout* and *H. W. Gage*, for the plaintiff.

"Every continuation of a trespass is a fresh trespass." *Percival* v. *Stamp*, 9 Exch., 167–174 ; quoted with approval in Broom's Com. Law, 781; 2 Hilliard on Torts, 74 and 75 ; *Loweth* v. *Smith*, 12 M. & W., 582 ; *Filer* v. *N. Y. Cent. R. R. Co.*, 49 N. Y., 44 ; *Bailey* v. *Bulcher*, 6 Grattan, 144 ; *Holmes* v. *Wilson*, 10 Ad. & El., 503 ; *Bowyer* v. *Cook*, 4 Com. B., 236 ; *Earl of Manchester* v. *Vale*, 1 Saunders, 24, *note*; *Moncton* v. *Pashley*,

2 Lord Raymond, 976; *Hudson* v. *Nicholson*, 5 M. & W., 437; *Weeton* v. *Woodcock*, Id., 594; *Winterbourne* v. *Morgan*, 11 East, 395; *Esty* v. *Baker*, 48 Maine, 495.

An unlawful entry is not always essential to the action. *Pickering* v. *Rudd*, 1 Starkie, 46; *Prewitt* v. *Clayton*, 5 Monroe, 4; *Spencer* v. *Weatherly*, 1 Jones, 327.

*J. & E. M. Rand*, for the defendant.

The gist of the action is the unlawful entry, for which judgment and satisfaction have once been had. The remedy now, for continuing the wall, is case.

APPLETON, C. J. The plaintiff upon the tenth day of January, 1873, brought an action of trespass *quare clausum* against the defendant for breaking and entering their close upon the eighth day of June, 1867, digging up the soil, and erecting a stone and brick wall, nine inches wide, thereon and continuing the same to said tenth day of January, 1873, in which they recovered judgment, which was fully satisfied.

March 17, 1873, they commenced the present action of trespass *quare clausum* for breaking and entering the plaintiff's same close on the eleventh day of January, 1873, digging up the soil, making certain erections thereon, and continuing the same to the seventeenth day of March, 1873—the date of the writ.

The former judgment is pleaded in bar; but it does not afford an answer to the plaintiff's claim. It was said in *Esty* v. *Baker*, 48 Maine, 495, that the mere continuance of a building on another's land, even after the recovery of damages for its erection, was a trespass for which an action like the present would lie. This is in entire accord with all the decisions. Trespass is the proper remedy for wrongfully continuing a building on the plaintiff's land, for the erection of which he has already recovered compensation; and a recovery, with satisfaction, for erecting it does not operate as a purchase of the right to continue such erection. *Holmes* v. *Wilson*, 10 A. & E., 503. "A recovery of damages for a nuisance to land," remarks Patterson, J., "will not prevent another action for

continuing it." In *Bowyer* v. *Cook*, 4 M., G. & S., 236, (56 E. C. L., 235) the plaintiff brought an action of trespass for placing stumps and stakes on his land. The defendant paid into court 40 s. which the plaintiff took in satisfaction of that trespass. He then gave the defendant notice, as was done in the case at bar, that, unless the stakes and stumps were removed, a further suit would be brought. It was held that leaving the stumps and stakes on the land was a new trespass. "You do not dispute," remarks Wilde, C. J., to the counsel for the defence, "that the leaving the stakes on the plaintiff's land was a trespass." "The plaintiff," observes Creswell, J., "has recovered damages for a trespass committed on his land, by erecting something thereon. He afterwards gave the defendant a notice that unless he removes the thing so improperly erected, its continuance will be treated as a new trespass and another action brought;" upon which Wilde, C. J., says : "can we, sitting in court, doubt that, which no man out of court could for a moment hesitate about ?" In *Loweth* v. *Smith*, 12 M. & W., 582, Parke, B., says : "But staying and continuing in a house appears to be a divisible trespass in point of time ; there is a fresh trespass on each day."

The original erection of the defendant upon the land of the plaintiff was a trespass and so is its continuance.

*Case to stand for trial.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.