STATE OF MAINE
WALDO, SS.

SUPERIOR COURT
Docket No. RE 99-019
FCM - WAL - 8/23/2000

Eldon Perkins, et al,           )
      Plaintiff,           )
                    )
                    )
      v.             )
                    )
                    )
                    )
Town of Searsport,           )
      Defendant.           )

### ORDER ON MOTIONS
### FOR SUMMARY JUDGMENT

STATE OF MAINE
Waldo County Superior Court

AUG 2 3 2000

REC'D AND FILED
Joyce M. Page, Clerk

The facts of record in this matter are sketchy because of the passage of time but it is clear the offending rocks were placed on the shore of the Plaintiffs' predecessor in title in the early 1970s. Moreover, the culvert about which Plaintiffs also complain was introduced at or about the same time as the rocks were placed. That original action by the Town of Searsport took place in its entirety many years ago. In fact, it is evident that it was prior to the time when Alice Perkins acquired the title to the property by devise in 1974.[1]

There is no evidence respecting the desires of the owner of the property as of the time of the placement nor is there any suggestion that the then owner objected to the Town's action. The facts in the case at bar suggest that at the time of introduction there was a mutual benefit to both the Town and the Plaintiffs' predecessor. The scope of the mutual benefit is impossible to judge today because the facts are lost in the mists of time. It might have been that the introduction of the rocks and culvert were more necessary for the Plaintiffs' predecessor's estate than

---

[1] Defendant legitimately questions whether or not Eldon Perkins holds title sufficient to bring the action. It is suggested by the Plaintiffs that he holds a "life lease" which in their view is sufficient. There is no evidence of his estate. The record is clear that Alice Perkins retains the full estate.

for the Town's road. Such a query is the reason for the statute of limitations in the first instance: to fix facts before "the mind of man runneth not to the contrary".

The Plaintiffs claim that their right is based on the continuing nature of the trespass or the nuisance. Plaintiffs do not distinguish the two, that is, trespass and nuisance. That is so notwithstanding footnote 1 in Jacques v. Pioneer Plastics,Inc., 676 A.2d 504, 505 (Me. 1996). Here, as was the case there, it is Plaintiffs' belief that "decision does not rely on the distinction between the two causes of action . . . (trespass is an invasion of the plaintiff's interest in the exclusive possession of his land, while nuisance is an interference with the use and enjoyment of it)."

The gist of Jacques, a 1996 case was not the length of the statue of limitations which was held to be six years (14 M.R.S.A. § 752 (1980) even though there had been no dumping since 1978, but whether "the materials on Lot B constitute a continuing nuisance or trespass." The Court relied on Russell v. Brown, 63 Me. 203 (1873) which, like the case at bar, involved a wall.

The argument in Jacques and Russell make clear that one threshold question is "abatability". There is a question left open in Russell which emanates from the following language: "[T]he future may be taken care of by successive actions at law, or by applying to the equity courts for its abatement." Id, 343. The opinion does suggest that there was a period of limitation based upon a potential resort to equity for abatement. Jacques acknowledges that logic and suggests that where "abatability" exists in fact, the statute of limitations does not apply. It said: " . . . a new cause of action accrues each day the hazardous material remains and the plaintiffs' action is not barred by the statute of limitations." Id, 506.

But in doing that Jacques is careful to note that it dealt with a fact question not answered in the trial court on summary judgment. Its predicate was, therefore, "[T]he abatability of the materials currently on lot B is a question of fact." Id, 508.

In the case at bar, abatability is conceded by the Town.[2] Thus were there no caveats in <u>Jacques</u>, summary judgment against the Town's would be mandated and Plaintiffs' would be entitled to the relief they seek.[3]

However, the <u>Jacques</u> court left open the question of whether an otherwise continuing trespass and nuisance is a permanent one, against which the statute of limitations would run, because it is the type of trespass and nuisance which a court of equity would not abate because of the "value to the community." Id, 507. The language of <u>Foss v. Maine Turnpike Authority</u>, 309 A.2d 339, 334-345 (Me. 1973) relates to the same concept. The Court analyzed nuisance and trespass but in dealing with public works said: " . . . if Plaintiff's property had been injured by an act of defendant that was reasonably performed but which resulted in a constitutional taking of the property . . . plaintiffs would be entitled to the same damages as would be available to them in a proceeding in Eminent Domain. Equitable relief, moreover would, not be available, the Constitution requiring merely "just compensation". But there are limits to the time available to seek that compensation.

The initial invasion of the sort in the case at bar is in the nature of a trespass which a party might seek to enjoin if brought within the original period of limitations because the creation would be an unconstitutional taking but equity would not act because the damage would be in the nature of an eminent domain taking. See <u>Foss</u>, 344 for a discussion of the correlation between a *taking* and *a trespass or nuisance*. The equitable action or the damage action being brought, the Town having eminent domain rights, the statute of limitations would be relevant.

---

[2] That is true of the wall and the culvert. It might leave open the question of the odor caused by the decaying, collected materials which apparently are drain fed or ocean matter cast ashore. By implication, in this Court's view, the Town has admitted that abatement of the wall and the drain would alleviate the odors which appear to be the substance of the continuing nuisance claim.

[3]. As a possessor, Eldon Perkins would be entitled to relief from the continuing nuisance even if he had no standing on the continuing trespass question.

However, once the six year period for seeking relief or for bringing an action against a taking had passed, the trespass would be considered a permanent one and the statute of limitations would apply thereby preventing the seeking of damages for what would be a permanent trespass.

It could well be that the 20 year statute for adverse possession is the one which controls the period for bringing the action. See City of Sioux Falls v. Miller, 492 N.W. .2d 116, 120 (S.D. 1992): ". . . the twenty-year statute of limitations applying to adverse possession is applicable where property rights are damaged in the name of the public, regardless of the underlying tort claim". That is irrelevant here since more than 20 years had passed since the rocks were placed and the culvert set. The material facts which are undisputed make clear that the 20 year statute of limitations has passed. Jacques by implication is to the same effect as Sioux Falls. It noted the period, but, because the parties were not public bodies, did not deal with the "taking" concept.

The nuisance is a different question. In the words of Jacques: "[I]n the present action the subject of our inquiry is not the dumping itself, but instead the hazardous material that remains on the plaintiffs' land." Id, 507. Jacques cites Beatty v. Washington Metro Authority 860 F.2d 1117, 1122 (D.C. Cir. 1988) which reversed a summary judgment rendered by the District Court on the basis "that there existed a genuine issue as to the nature of the invasion.

The statute does not run on so much of the matter as related to the abatability of any continuing nuisance. See Harrisonville v. W.S. Dickey Clay Mfg Co. , 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed.1208 (1933) which said: "The discharge of the effluent into the creek is a tort; and the nuisance being continuous or recurrent, is an injury for which an injunction may be granted. Thus the question here is not one of equitable jurisdiction. The question is whether, upon the facts found, an injunction is the appropriate remedy. For an injunction is not a remedy which issues as of course. Where substantial redress can be afforded by the payment of money and issuance of an injunction would subject the defendant to grossly disproportionate hardship, equitable relief may be denied although the nuisance is indisputable."

Thus it is clear that the Town had acquired rights which entitled it to leave the wall and the drain in their present position without damages being assessed. But it may well be that conditions surrounding that right are actionable and may allow litigation. As to that possibility, there are material facts at issue and complete summary judgment is not in order.

There being no material facts at issue with respect to the trespass because the statute of limitations has run, the Order will be: Summary judgment is **granted** to the Town of Searsport on the issue of trespass. On the issue of the continuing nuisance - whether there is an interference with Plaintiffs' use and enjoyment of their property- there are issues of material facts and summary judgment must be and is **denied**.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).

Dated:   August 23, 2000

_____
Francis C. Marsano
JUSTICE, SUPERIOR COURT

Date Filed July 21, 1999    Waldo      Docket No.   RE-99-19
                            County

Action Easement, Trespass, Equitable Action    **TITLE TO REAL ESTATE IS INVOLVED**

ELDON PERKINS and ALICE PERKINS      vs.      TOWN OF SEARSPORT

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Edmond J. Bearor, Esq.<br>P.O. Box 1401<br>Bangor, Maine 04402-1401<br>947-4501 | Peter K. Mason, Esq.<br>PO Box 286, 61 E Main St.<br>Searsport, ME 04974-0286<br>Tel: 548-2589 |

| Date of Entry | |
|---|---|
| 7/21/99 | Complaint dtd. July 20, 1999, filed.<br>Summary Sheet, filed. |
| 7/21/99 | Case file notice to atty. Bearor. |
| 8/10/99 | Defendant's Answer to Plaintiffs' Complaint dtd. Aug. 9, 1999. |
| 8/10/99 | Affirmative Defenses dtd. Aug. 9, 1999, filed by Deft. |
| 8/18/99 | Summons dtd. July 20, 1999 with Acceptance of Service by atty. Mason for Town of Searsport on Aug. 3, 1999, filed. |
| 8/20/99 | Scheduling Order filed. Discovery deadline is April 30, 2000. (Mills, J.<br>Notice of entry and copy Scheduling Order to attys. Bearor and Mason. |
| 8/20/99 | Additional Affirmative Defenses dtd. Aug. 19, 1999, filed by Deft. |
| 10/1/99 | Notification of Discovery Service dtd. Sept. 30, 1999 filed by Plff.<br>showing service of Plffs' First Interrogatories Propounded Upon Deft.<br>and Plffs' First Request for Production of Documents and Tangible<br>Things, served on Atty. Mason on 9/30/99. |
| 10/15/99 | Notification of Discovery Service by deft. showing service of Deft's<br>Request for Production of Documents on atty. Bearor on Oct. 14, 1999,<br>filed. |
| 01-20-00 | Notification of Discovery Service by Plffs. showing service of Plffs'<br>Response to Request for Production of Documents by Deft. on atty. Mason<br>on Jan. 19, 2000, filed. |
| 01-26-00 | Notification of Discovery Service by Deft. showing service of Deft's<br>Response to Plff's Request for Production of Documents and Deft's<br>Response to Plff's Request for Interrogatories Propounded by Plff.<br>on atty. Bearor on Jan. 25, 2000, filed. |
| 04/11/00 | Notification of Discovery Service by Plff. showing service of Deft.'s<br>First Interrogatories Propounded upon Plffs. pursuant to M.R.Civ.P.<br>26 and 33 on atty. Bearor on April 6, 2000, filed. |
| 04/11/00 | Motion for Summary Judgment dtd. April 6, 2000, filed by Deft.<br>Statement of Material Facts, filed. Memorandum of Law, filed.<br>Proposed Order, filed. |